■      THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MELVIN EARL HORTON, Appellant.— HERLIHY, J. Appeal from a judgment of the County Court of Schuyler County rendered May 15, 1968, upon a verdict convicting defendant of the crimes of burglary, third degree, and petit larceny. The sole issue on this appeal concerns the validity of a search warrant. The defendant alleges that the warrant was not properly dated and that the search encompassed a more extensive area than described in the warrant. We do not limit our decision to these specifics but to the warrant generally. The search warrant was signed by the Judge on the 10th of February, 1968 about 11:00 P.M. authorizing an immediate search, but through inadvertence the warrant was dated February 12, 1968. The court's explanation for the date on the warrant follows: "Well I can only give my opinion of why it is the 12th rather than the 10th. It is not uncommon when I sign legal documents late on a Saturday night or Sunday in

connection with County Court matters or Surrogate Court matters that I put down the next business day." There is no question but that the Judge intended the search to take place on the 11th and the unintentional dating error did not affect the validity of the warrant, it having been executed and returned to the Judge within the prescribed period. (See Code Crim. Pro., § 802.) Under the circumstances, the date of the warrant did not invalidate it. While there might be circumstances in which the limitations of search as outlined in a warrant would or could be violated to the extent that such acts invalidate the warrant, such is not the present factual situation. At most, it appears that a room — room and apartment are used interchangeably — immediately adjacent to what has been described as the defendant's apartment was searched, but concededly the room was to be rented by the defendant who was in the process of painting it prior to occupancy. It further appears that the defendant or his wife, or both, took the Sheriff to the particular room making no claim that it was a separate apartment. The factual situation here is substantially different than in *People* v. *Rainey* (14 N Y 2d 35), but see *People* v. *De Lago* (16 N Y 2d 289, 290, 291). On this appeal for the first time the defendant raises the further issue that the Judge issuing the warrant exceeded his authority because there was no proof before him that the warrant could not be executed during the hours of 6:00 A.M.–9:00 P.M. (See Code Crim. Pro., § 801.) This section does not require proof by affidavit and, no doubt, such proof could have been given orally by the Sheriff when before the court. The question raised by the defendant as to this requirement is not a constitutionally protected right and the failure to raise the issue at the time of the hearing constitutes a waiver. The Judge undoubtedly took notice of the fact that the articles mentioned in the affidavit and warrant (whiskey, beer, etc.) were readily destroyable or removable. (See *People* v. *De Lago, supra,* p. 292.) The defendant has the burden of proof (at least initially) to show the illegality of a search and seizure (*People* v. *Boatwright,* 26 A D 2d 767) and he has not met this burden. The search warrant was validly issued, the premises searched were within the contemplation of the description of the premises and there were no other infirmities sufficient to invalidate the warrant. Judgment affirmed. Gibson, P. J., Herlihy, Reynolds, Cooke and Greenblott, JJ., concur in memorandum by Herlihy, J.