in the first degree as a felony murder, unanimously reversed, on the law, the application denied and the judgment of conviction reinstated. The petitioner was convicted of felony murder in 1949 and sentenced to life imprisonment upon the jury's recommendation of mercy. The conviction was affirmed. (*People v. Caruso,* 278 App. Div. 555 [1st Dept., 1951].) In a later attempt at review, the United States Supreme Court denied certiorari. (*Caruso* v. *New York,* 355 U. S. 942 [1958].) This is the eighth *coram nobis* proceeding brought on by this petitioner. (See 17 A D 2d 929 [1962], 19 A D 2d 863 [1963], 24 A D 2d 713 [1965], 25 A D 2d 640 [1966] vacating 25 AD 2d 720, 30 A D 2d 643 [1968], 31 A D 2d 892 [1969].) The contention here is that petitioner's experienced trial attorney, James D. C. Murray, had divided loyalty between the petitioner and his codefendant Peluso (who was represented by separate counsel) because at the sentencing of the codefendant (who had pleaded guilty to manslaughter and testified for the People against petitioner) Mr. Murray suggested leniency to the court. There is also the unsupported contention that at bench conferences with the court the petitioner's trial counsel assisted in the codefendant being given the opportunity to plead to a lesser crime than murder. An examination of the record and of the colloquy at the time of the codefendant's sentencing shows the attempt by the petitioner's trial counsel to shift the major onus to a third party, the "fingerman" in the original crime, one Gmitzrak, as the "head and front of this whole thing". In this way, petitioner's then counsel was confirming for the court that there had been no error in following the jury's recommendation of life imprisonment rather than the death penalty for the petitioner. There being no more than this implication of conflict of interest by petitioner's trial counsel, the determination should be reversed. Petitioner also contends that the appeal dated September 15, 1970, by the People from the order of August 14, 1970 is not timely. However, the People were never served with notice of entry of the order of August 14, 1970 to start the limitation of time running. (Code Crim. Pro., § 521.) Moreover, there was a timely superseding proceeding, which led to the order of October 16, 1970, now being reversed, and which was not merely reargument, because additional affidavits were submitted by the People and received by the court. Concur— Stevens, P. J., Capozzoli, Nunez, Kupferman and McNally, JJ. [37 A D 2d 532.]

## June 17, 1971

■ DOROTHY T. FALES et al., Appellants, v. EDWARD S. WITKOWSKI et al., Respondents, et al., Defendants.— Order, Supreme Court, New York County, entered on February 2, 1970, unanimously affirmed. Respondents shall recover of appellants one bill of $30 costs and disbursements to cover appeals Nos. 1–14. No opinion. Concur— Stevens, P. J., Capozzoli, McGivern, Tilzer and Macken, JJ.

■ In the Matter of PADEREWSKI FOUNDATION, INC., on the Petition of LEON ZAWISZA, Respondent. PADEREWSKI FOUNDATION, INC., et al., Appellants.— Order, Supreme Court, New York County, entered on February 2, 1970, unanimously affirmed. Respondent shall recover of appellants one bill of $30 costs and disbursements to cover appeals Nos. 1–14. No opinion. Concur — Stevens, P. J., Capozzoli, McGivern, Tilzer and Macken, JJ.

■ In the Matter of PADEREWSKI FOUNDATION, INC., on the Petition of DOROTHY T. FALES et al., Appellants, v. GEORGE J. SUSKI et al., Respondents.—

No opinion. Concur— Stevens, P. J., Capozzoli, McGivern, Tilzer and Macken, JJ.

■ In the Matter of PADEREWSKI FOUNDATION, INC., on the Petition of DOROTHY T. FALES, et al., Appellants, v. GEORGE J. SUSKI et al., Respondents.—

No opinion. Concur— Stevens, P. J., Capozzoli, McGivern, Tilzer and Macken, JJ.

■ DOROTHY T. FALES et al., Appellants, v. EDWARD S. WITKOWSKI et al., Respondents, et al., Defendants.—

No opinion. Concur— Stevens, P. J., Capozzoli, McGivern, Tilzer and Macken, JJ.

■ In the Matter of PADEREWSKI FOUNDATION, INC., on the Petition of DOROTHY T. FALES et al., Appellants, v. GEORGE J. SUSKI et al., Respondents.—

No opinion. Concur— Stevens, P. J., Capozzoli, McGivern, Tilzer and Macken, JJ.

■ In the Matter of PADEREWSKI FOUNDATION, INC., on the Petition of LEON ZAWISZA, Respondent. PADEREWSKI FOUNDATION, INC., et al., Appellants.

No opinion. Concur— Stevens, P. J., Capozzoli, McGivern, Tilzer and Macken, JJ.

■ DOROTHY T. FALES et al., Plaintiffs-Appellants, v. EDWARD S. WITKOWSKI et al., Respondents, et al., Defendants.— Appeal

No opinion. Concur— Stevens, P. J., Capozzoli, McGivern, Tilzer and Macken, JJ.

■ In the Matter of PADEREWSKI FOUNDATION, INC., on the Petition of LEON ZAWISZA, Respondent. PADEREWSKI FOUNDATION, INC., et al., Appellants.

No opinion. Concur— Stevens, P. J., Capozzoli, McGivern, Tilzer and Macken, JJ.

■ DOROTHY T. FALES et al., Appellants, v. EDWARD S. WITKOWSKI et al., Respondents, et al., Defendants —