**UNITED STATES of America**
v.
**Anthony MIHILEAS, Defendant.**
**No. 71 Crim. 738.**

United States District Court,
S. D. New York.
Oct. 13, 1971.

Whitney North Seymour, Jr., U. S. Atty., S. D. N. Y., for the United States; Maurice M. McDermott, Asst. U. S. Atty., of counsel.

Gaynor, Freeman, Glick & Pisani, New York City, for defendant; Albert J. Gaynor, New York City, and Arthur H. Grae, New Rochelle, N. Y., of counsel.

METZNER, District Judge.

Defendant moves to suppress for use as evidence 167 counterfeit $20 bills seized pursuant to a search warrant issued by the Acting City Judge of New Rochelle. This case originated on the complaint of Edward Jones, made to Thomas Perrotti, a detective in the New Rochelle Police Department. After the execution of the warrant, defendant was indicted in this court on a charge of violation of 18 U.S.C. § 472. Counsel agree that the motion is to be decided under New York law.

Defendant first contends that there was not sufficient evidence set forth in the supporting affidavits to justify the issuance of a warrant. He claims that the facts contained in the affidavit of the complaining witness, Jones, are untrue. This is not sufficient to warrant an evidentiary hearing. The affidavit must be evaluated on its face. The question of Jones' veracity is for the jury on the trial of the indictment. The affidavits sufficiently allege grounds for granting the application and probable cause for believing such grounds exist. N.Y. Code of Cr.Proc. § 795.

I find, however, that the evidence must be suppressed because the proof in the affidavits does not justify the issuance of a search warrant to be executed at any time of the day or night under New York law. Code of Cr.Proc. § 801.

Jones' affidavit was given to the New Rochelle police at 2 P.M. on the afternoon of February 15, 1970. It recited events that happened about 10 P.M. on the night before. The affidavit was not notarized until the afternoon of February 16, 1970.

Perrotti's affidavit, notarized February 16, 1970, states that he showed the bills to a Secret Service agent who said they were counterfeit. The affidavit goes on to state:

"A request for the search to be made without notice of authority and purpose is because the unlawfully possessed counterfeit bills may be easily and quickly destroyed or disposed of by flushing or washing through the plumbing system or discarded through an open door or window."

These affidavits were submitted to the Acting City Judge of New Rochelle about 10 o'clock on the night of February 16. Based on these affidavits the search warrant was issued providing

that the search could proceed "at any time of the day or night without notice of authority and purpose" etc. It specified the premises as Tony's Restaurant and Lola's Lounge on Huguenot Street in New Rochelle. It appears that these premises stayed open for business every night until 2 A. M.

Section 801 of the Code provides:

"Upon proof that there is probable cause for believing that the warrant cannot be executed between the hours of 6:00 A.M. and 9:00 P.M. or that the property sought to be seized will be removed or destroyed if not seized forthwith, the judge, justice or magistrate may in his discretion insert a direction in the warrant that it may be executed at any time of the day or night."

Clearly, Perrotti's affidavit gave no indication that the warrant could not be executed between the hours provided by the section or that the property would be removed or destroyed if not seized forthwith. The affidavit requests permission to execute the warrant under a "no knock" provision, on the ostensible ground that the property would be destroyed if notice of the intent to conduct the search was made at the time of entering the premises.

Obviously the affidavit was prepared to comply with the provisions of § 799 of the Code, which grants discretion to the judicial officer to issue a warrant, providing for its execution without giving notice of the authority of the police officer. Such discretion can be exercised only "upon proof under oath, to his satisfaction, that the property sought may be easily and quickly destroyed or disposed of * * * if such notice were to be given."

■ Sections 799 and 801 serve different purposes, which are clearly set forth in the Code and easily understood. It is true that both sections require proof that the items to be seized be destructible or removable. However, under § 799, the contraband must be shown to be *quickly* destructible or removable

upon notice of an imminent search, while under § 801 the threat is that the contraband might *presently* be in the process of being destroyed or removed, regardless of notice of the search. Compliance with the requirements for a "no knock" warrant does not, absent anything else, justify sustaining a warrant issued under § 801.

■ Assuming that an issuing officer may take "judicial notice" of facts in addition to those set forth in the supporting affidavit (cf. People v. Horton, 32 A.D.2d 707, 300 N.Y.S.2d 15 (3d Dept. 1969)), the circumstances of this case would not justify any such action here. The police knew of the charges at 2 P.M. on February 15, but did not seek to obtain a warrant until 10 P.M. on February 16. The basis simply does not exist for inferring that the counterfeit bills would "be removed or destroyed if not seized forthwith."

Defendant's motion to suppress the seizure of 167 counterfeit notes is granted.

So ordered.