THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JAY DEE JEFFERSON, Appellant.

First Department, December 11, 1973.

*John Nicholas Iannuzzi* of counsel (*Ianuzzi & Ianuzzi,* attorneys), for appellant.

*Michael P. Stokamer* (*Michael R. Juviler* with him on the brief; *Frank S. Hogan, District Attorney*), for respondent.

*Per Curiam.* A particular apartment was under the surveillance of two police officers who had been told by an unnamed informer that narcotics were being sold there. A man who was observed near that apartment was arrested and was found to be in possession of two marijuana cigarettes and a packet containing white powder which, on later analysis, was determined to be heroin.

The two patrolmen, after conferring with their sergeant, knocked on the door of the apartment. In response to a request for identification, the patrolmen stated that they were police officers investigating a gas leak. Without any request being made, the door to the apartment was opened and the police saw, on a bar about eight feet from the door, a clear plastic bag containing what appeared to be marijuana.

The person who opened the door and a person in the room, later identified as June Lees and Vincent Stanley, respectively, were placed under arrest.

While the police were searching the room, the defendant emerged from the bedroom, dressed only in his underwear. He too was placed under arrest. No narcotics were found in defendant's possession and he was not the lessee of the apartment.

Dismissal of the indictment is warranted on several grounds. First, the ruse used by the police to gain access to the apartment and therefore the subsequent search and arrests were violative of defendant's constitutional rights (cf. *Bumper* v. *North Carolina,* 391 U. S. 543; *People* v. *Whitehurst,* 25 N Y 2d 389). In addition, the defendant did not claim possession of the goods in the apartment (cf. *People* v. *Gonzalez,* 31 N Y 2d 787) and the evidence did not show that defendant was the lessee or exercised such control over the premises that he could be deemed in constructive possession of the contraband found (*People* v. *Siplin,* 29 N Y 2d 841).

We are left with a defendant who happened to have been in an apartment where people possessed drugs. He was not in possession of those drugs, nor was he partcipating in any illicit activities with those other people. Since the connecting links

between the defendant and the contraband are composed of bits of circumstantial evidence, susceptible of a conclusion of innocence as easily as a conclusion of guilt, there is insufficient evidence to sustain a conviction (*People* v. *Taddio,* 292 N. Y. 488; *People* v. *Cleague,* 22 N Y 2d 363; *People* v. *Gates,* 24 N Y 2d 666, 669).

Accordingly, the judgment convicting the defendant of two counts of criminal possession of a dangerous drug in the fourth degree and criminal possession of a dangerous drug in the sixth degree should be reversed on the law and the facts and the indictment dismissed.

NUNEZ, J. P., MURPHY, LANE, TILZER and CAPOZZOLI, JJ., concur.

Judgment, Supreme Court, New York County, rendered on February 29, 1972, unanimously reversed, on the law and the facts, and the indictment dismissed.