THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL D. HARRIS, Also Known as LANNY O. HARRIS, Appellant.

Fourth Department, April 17, 1975

*Victor A. Rippo (Leonard G. Tilney, Jr.,* of counsel), for appellant.

*Aldo L. Di Florio, District Attorney (Shavasp Hanesian* of counsel), for respondent.

WITMER, J. The principal question presented on this appeal is whether the People have proved beyond a reasonable doubt that defendant possessed the drug for the possession of which he has been convicted.

Acting upon a search warrant on July 7, 1972 officers searched the third (attic) floor of a dwelling at No. 337 Tenth Street in the City of Niagara Falls and arrested defendant who was occupying one of the bedrooms in the front of the house on that floor. He was in fact the only occupant on that floor. Behind the bedrooms toward the rear of the house was attic storage space. The officers charged defendant with, and he was indicted on, two counts of criminal possession of a dangerous drug in the fourth degree. The drug was not found in defendant's bedroom, but in the attic storage space nearby.

The house was owned by defendant's brother-in-law who lived on the first floor with his wife and four children ranging

in age from 12 to 19 years. Defendant's mother lived on the second floor with her two daughters and a granddaughter. All of these people had access to the attic storage space and they quite frequently used it.

In executing the warrant to search for drugs the officers examined a couch, a convertible daybed, and found in the bottom part of it a potato chip bag with three bundles of glassine bags therein, 71 in all, containing heroin. The couch was stored in the attic by defendant's mother, and it was about six feet from the door of defendant's bedroom. A weighing scale was found next to the couch. Under a loose floor board in the attic near the couch the officers also found a measuring spoon and plastic mixing bowl.

At one time the couch belonged to defendant's brother-in-law and was used in the latter's living quarters. He gave it to defendant's mother who used it for several years in her living quarters. For some years prior to July, 1972 it had been stored, unused, in the attic.

Prior to the death of a relative a year or so before, two of the brother-in-law's children occupied the bedroom next to defendant's, but thereafter they lived on the first floor.

At the time of his arrest defendant was 24 years old and a full-time student at Buffalo State University. At 20 years of age he was sent to Viet Nam as a member of the United States Armed Forces and was there decorated with a Bronze Star, Purple Heart, Viet Nam Service Cross, Vietnamese Unit Badge and Presidential Unit Citation, and he was honorably discharged two and one-half years later. Since then he has lived with his mother, occupying one of the bedrooms above her living quarters.

Defendant denied knowing anything about the presence of the heroin and drug paraphernalia and denied using or handling any drug. His mother and others supported this by their testimony. The only incriminating evidence against defendant, apart from the presence of the drug and paraphernalia in the attic a few feet from his bedroom door, was the fact that he had about $300 cash on his person. He explained this by testifying that he and his girlfriend were about to take a trip and she had cashed a check that day for over $250 and gave it to him for expenses on the trip.

The evidence herein clearly affords grounds for suspicion that defendant knew about and had control of the drug and drug paraphernalia which were found in the attic. But evi-

dence raising suspicions only is not sufficient to support a finding beyond a reasonable doubt that defendant actually possessed the drug *(People v Leavitt,* 301 NY 113). Possession, of course, need not be found to be actually in defendant's hands, and it is sufficient if defendant is proved to be in constructive possession of the drug (Penal Law, § 10.00, subd. 8; *People v Reisman,* 29 NY2d 278, 285–287).

The evidence in this case that defendant possessed the drug is circumstantial. Although proof of possession may rest on such evidence, it is elemental that where reliance is placed solely thereon, the evidence must be such as to exclude, to a moral certainty, every hypothesis but that of guilt and be inconsistent with innocence *(People v Benzinger,* 36 NY2d 29; *People v Cleague,* 22 NY2d 363, 365–366; *People v Regina,* 19 NY2d 65, 74; *People v Harris,* 306 NY 345, 351; *People v Jefferson,* 43 AD2d 112, 113–114).

Defendant was not a lessee of these premises; he was living with his mother, occupying a bedroom above her living quarters. The area where the drug was found was one in common use by about a half dozen adult persons who occupied the first and second floors and also by four minor persons from the first floor who were between 12 and 19 years of age and used the area often. Clearly, any one of them, unbeknown to defendant, could have placed the drug where it was found. The evidence, thus, is insufficient to support a finding that defendant was in control of and hence in possession of this drug *(People v Siplin,* 29 NY2d 841; *People v Jefferson,* 43 AD2d 112, *supra).*

In reliance on *People v Rainey* (14 NY2d 35) defendant also contends that the search warrant was defective in that it authorized the search of the whole house instead of only defendant's bedroom. *Rainey* is distinguishable from this case because there the building contained two separate residential apartments, a fact known to the police affiant and not revealed to the Magistrate issuing the warrant. Here the police had reason to believe that defendant was a general occupant of this single dwelling and so advised the Magistrate. They had probable cause to search the entire house (see *United States v Santore,* 290 F2d 51, 66–67 [CA2d], cert. den. 365 US 834; *People v Mangialino,* 75 Misc 2d 698, 700–704), and the warrant was proper.

Defendant also contends that although the warrant expressly authorized nighttime search, it was defective because the affidavit in support of it (1) did not request nighttime

search and did not aver facts showing (2) that the contraband sought might be removed or destroyed, and (3) that nighttime search was necessary. In the affidavit "no-knock" authority was requested, "due to the fact that narcotic drugs and implements to administer same can be disposed of and destroyed". This showing also supports the nighttime search. Defendant's contentions in these respects are without merit (see *People v Rose,* 31 NY2d 1036, 1040; *People v De Lago,* 16 NY2d 289, 292; *People v Horton,* 32 AD2d 707, 708; CPL 690.35, 690.40, 690.45, subd. 5).

For failure to establish that defendant had possession of the drug the judgment of conviction should be reversed and the indictment dismissed.

MARSH, P. J., SIMONS, MAHONEY and GOLDMAN, JJ., CONCUR.

Judgment unanimously reversed on the law and facts and indictment dismissed.