■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CAROL ANN LEWIN, Also Known as ANN LEWIS, Appellant.—Judgment unanimously affirmed. Memorandum: Appellant was convicted of possession of a hypodermic instrument and criminal possession of a dangerous drug, third degree. She contends that the conviction for possession of the hypodermic needle was not supported by the evidence since the People did not prove that the hypodermic was "functional" (see People v Strong, 47 AD2d 798). The Strong case dealt with a homemade instrument and the need to establish that it was "adapted for the administering of narcotic drugs" as stated in former section 3395 of the Public Health Law. Since that provision had been repealed at the time of this crime (see Public Health Law, § 3381) and since the instruments in this case are obviously commercially manufactured hypodermics, the evidence was sufficient to support the conviction without the necessity of proving that the instruments were "functional". The evidence also supported the conviction for criminal possession of the drugs found in defendant's apartment (see People v Lunsford, 46 AD2d 612; People v Jefferson, 43 AD2d 112; and see People v Nettles, 23 Ill 2d 306). (Appeal from judgment of Monroe County Court convicting defendant of criminal possession of a dangerous drug, third degree and another charge.) Present—Marsh, P. J., Cardamone, Simons, Goldman and Del Vecchio, JJ.

■    In the Matter of HARVEY L. HUEY et al., Petitioners, and CHARLES W. DRIVER, Appellant, v GEORGE G. SIPPRELL et al., Respondents.—Judgment unanimously reversed, on the law, with costs, and petition granted. Memorandum: In applying the rule of ejusdem generis (McKinney's Cons Laws of NY, Book 1, Statutes, § 239) to former section 79-a of the Social Welfare Law, we find that petitioner's position as a "special investigator" falls within the classification "Case workers and other social service personnel" to be benefited by the statute providing for a salary differential for additional education. "The word 'other' will generally be read as 'other such like,' so that persons or things therein comprised may be read as ejusdem generis with, and not of a quality superior to or different from, those specifically enumerated [footnote omitted]" (McKinney's Cons Laws of NY, Book 1, Statutes, § 239). A special investigator, as well as caseworker, performs essential social service functions of a professional nature and is involved in sensitive relationships with social services clientele. The general words "other social service personnel" should not be limited in scope to "caseworkers", "their immediate supervisors" and "Higher level supervisory positions" (cf. 18 NYCRR 679.2). (Appeal from judgment of Erie Special Term in article 78 proceeding.) Present—Marsh, P. J., Cardamone, Simons, Goldman and Del Vecchio, JJ.