■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLORIA TAGGART, Appellant.—Judgment as to counts one, two and three of the indictment unanimously reversed, on the law and facts, and a new trial granted, and otherwise judgment affirmed. Memorandum: Defendant, together with three other persons, occupied the upstairs apartment of a two-family dwelling in Rochester, New York. On September 18, 1973, acting pursuant to a warrant, the police searched the premises and seized several hypodermic instruments as well as numerous used glassine envelopes containing heroin residue. They also searched a closet located just outside the upstairs door to the apartment where they found over one ounce of heroin along with the necessary equipment to "cut" and package the drug for sale on the street. Defendant appeals from the subsequent judgment of conviction entered upon a jury verdict which found her guilty of criminal possession of a controlled substance in the second degree, criminally using drug paraphernalia in the second degree (two counts), and criminal possession of a hypodermic instrument. Defendant contends that certain evidence received was seized after a search under an illegally issued search warrant because the affidavit under which the warrant was sought did not correctly describe the premises to be searched. Although the body of the accompanying affidavit erroneously requested a search of the downstairs apartment, the caption of that affidavit as well as the warrant itself properly designated the upstairs flat, and the warrant was valid (see *People v De Lago,* 16 NY2d 289, cert den 383 US 963). Furthermore, any discrepancy which might have resulted from the erroneous designation was adequately resolved by the showing in the affidavit that the warrant was desired to search the specific premises controlled by one of defendant's roommates. Thus, the inclusion of the address of the building and the name of the occupant sufficiently described the apartment to be searched *(United States v Contee,* 170 F Supp 26; *Kenney v United States,* 157 F2d 442). Defendant's argument that the prosecution's summation was prejudicial is also without merit. The court's meticulous charge concerning the prosecution's burden of proof rendered harmless the misconception, if any, which this summation might have raised in the mind of the jury. The prosecution did, however, fail to establish beyond a reasonable doubt that the defendant at least constructively possessed the heroin and cutting paraphernalia which formed the basis of the first three counts of the indictment and which was seized from the closet located outside the specific confines of the apartment. The testimony of the arresting officers clearly showed that for all intents and

purposes that closet was "locked" because the doorknob was removed from the door. The doorknob was found in the bedroom of two of the other occupants of the apartment and not in defendant's bedroom. There is no evidence to support the finding that defendant ever had access to the closet or to the contraband located therein. Absent such proof, the judgment of conviction on these counts can not be sustained *(People v Harris,* 47 AD2d 385; *People v Torres,* 45 AD2d 1042; *People v Schriber,* 34 AD2d 852, affd 29 NY2d 780). (Appeal from judgment of Monroe County Court convicting defendant of criminal possession of a controlled substance, second degree and other charges.) Present.—Moule, J. P., Cardamone, Simons, Dillon and Goldman, JJ.