THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v EUGENE BROOKS, Respondent.

Fourth Department, November 12, 1976

*Edward P. Kearse (John Cirando* of counsel), for appellant.

*George T. Dunn (Joseph Heath* of counsel), for respondent.

SIMONS, J. This appeal by the People brings up for review an order which suppressed marijuana and related paraphernalia seized by the police when they executed a search warrant directed to defendant's apartment. The order also dismissed the indictment against defendant. The trial court held that the warrant was issued upon probable cause but that it was void for lack of particularity.

The warrant directed a search of "Apartment 106, 1108 E. Genesee Street, Syracuse, New York" and "the person of Eugene Mitchell." The supporting affidavit was based upon information supplied by a reliable informant and observations of the police. The informant described various drug activities in Apartment No. 106 and specifically described two occasions when he had purchased marijuana from "Eugene Mitchell" there. The police officers described their surveillance of "Eugene Mitchell" and their observations of "Eugene Mitchell" and the informant entering the apartment prior to the two sales mentioned. They alleged that immediately after each sale the informant delivered the purchased marijuana to the police. The affidavit also included information that the informant had told the police he had been present in the apartment when marijuana was sold to third persons. The police requested a warrant to search Apartment No. 106 "also known as the residence of Eugene Mitchell, and the person of Eugene Mitchell" and, inasmuch as the sales involved persons

of unknown identity, they requested permission to search anyone found in the apartment. The police officers who obtained the warrant executed it. They found the defendant, Eugene Brooks, in the apartment and seized the marijuana and paraphernalia found in defendant's possession.

In fact no one named Eugene Mitchell lived in Apartment No. 106. However, an investigation after the arrest discovered that a man named Noah Mitchell lived on the second floor of the Genesee Street address, in Apartment No. 206. Perceiving an ambiguity in the description of the premises to be searched, the trial court declared the warrant void for vagueness, suppressed the evidence and dismissed the indictment charging defendant with criminal possession of a controlled substance in the fifth degree. For the reasons which follow, we reverse.

Our Constitutions require that warrants shall not issue except "upon probable cause * * * and particularly describing the place to be searched" (US Const, 4th Amdt; NY Const, art I, § 12). These requirements are satisfied if the description is such that an officer with the search warrant can, with reasonable effort, ascertain and identify the place intended to be searched (see *Steele v United States No. 1,* 267 US 498, 503; *People v Nieves,* 36 NY2d 396, 401; see generally Search Warrant—Apartment or Room, Ann 11 ALR3d 1330). When a warrant is challenged as overbroad, the court's concern must be the avoidance of general or blanket searches which interfere with the rights of law-abiding citizens, but search warrants are to be tested in a common sense and realistic way and minor omissions or inacurracies will not affect an otherwise valid warrant (see *United States v Ventresca,* 380 US 102, 108; *People v Nieves, supra,* p 401).

Generally, a warrant to search a subunit of a multiple occupancy structure is void if it fails to describe the subunit to be searched and only describes the larger structure *(People v Rainey,* 14 NY2d 35). The subunit may be identified by number or by naming the occupant *(People v De Lago,* 16 NY2d 289, cert den 383 US 963; *People v Taggart,* 51 AD2d 863; *Kenney v United States,* 157 F2d 442; and see CPL 690.45, subds 3, 4) and deficiencies in a warrant, overbroad on its face, may be cured by referring to the heading *(People v De Lago, supra),* or by referring to the supporting documents *(People v Taggart, supra; Fry v United States,* 9 F2d 38, cert den 270 US 646 and see *Morales v State,* 44 Wisc 2d 96 [one of several

apartments in building identified by a picture of defendant attached to the warrant]).

Defendant asserts that the warrant in this case was saved by none of these rules. Although the warrant contained a precise address by street number and apartment, he alleges that the ambiguity created by the use of an incorrect surname made it void for lack of particularity.

Whatever ambiguity there may have been (and it does not appear that there was any confusion to the searchers, either because defendant's name was Brooks or because the name of Noah Mitchell in Apartment No. 206 was known or discoverable by them before the search), the defect was a minor one and the warrant satisfied the requirement that it must be sufficiently particular so that the searcher is able to ascertain the subject premises with reasonable certainty. The apartment was the apartment designated by the warrant and it was occupied by the man whom the police officers in fact believed occupied it. They did not err in identifying the premises to be searched. Their only error was in discovering the occupant's true name and the error in the name does not void an otherwise valid warrant (see *Cook v State of Oklahoma,* 75 Okla Cr 402; cf. *Perez v State of Arkansas,* 249 Ark 1111 [a case in which the apartment was identified *only* by means of an erroneous name]; see, also, *People v Cuyler,* 44 AD2d 881). Furthermore, the police officers requesting the warrant were the officers who executed it (see *Hanger v United States,* 398 F2d 91; *People v Maes,* 176 Colo 430). They knew from their investigation, and the supporting affidavit so indicated, the apartment and the person who were the target of the search (see *State v Doust,* 285 Minn 336). The warrant did not vest selective discretion in the searchers and there was no risk that they might use it to engage in a general search interfering with the rights of innocent citizens. The order suppressing the evidence should be reversed.

Defendant also contends that the People have not perfected this appeal because of the failure to file a statement pursuant to CPL 450.50 (subd 1). That section requires that an appeal from an order suppressing evidence must be accompanied by a statement of the District Attorney asserting that the deprivation of the evidence suppressed has nullified any possibility of conviction. It is designed to prevent unnecessary appeals from interlocutory orders. This appeal however, is from the order of

dismissal (CPL 450.20, subd 1,[1] not from an order granting suppression (CPL 450.20, subd 8) and the statement is not required in cases in which the trial court has suppressed the evidence and also dismissed the indictment.

The order should be reversed and the indictment reinstated.

MOULE, J. P., CARDAMONE, MAHONEY and DILLON, JJ., concur.

Order unanimously reversed on the law and indictment reinstated.

---

1. Actually, the notice of appeal states that the appeal is from an order denying the People's motion for reargument. The application for reargument submitted new material for the court's consideration and the appeal from the order on that superseding motion (which was filed within 30 days of the original order of suppression and dismissal) brings the prior orders up for review (see *People v Caruso,* 37 AD2d 532).