■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK McCANTS, Appellant.—Appeal from a judgment of the County Court of Broome County, rendered November 4, 1976, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the third degree. On March 13, 1976, officers of the Johnson City Police Department and New York State Police executed a search warrant at 25 Custer Avenue in Johnson City. After the defendant, who had been specifically named in the warrant, was discovered in the apartment, he was handcuffed, given his *Miranda* warnings and questioned about the location of a gun. He directed the officers to a loaded .38 caliber revolver. The search of the apartment further revealed heroin in a packet on a bedroom dresser and aluminum foil packets, used to wrap heroin, in the kitchen. The search warrant, which also authorized the search of other apartments and automobiles with which the defendant had some connection, was obtained upon information given by two informants and from police surveillance. A warrant which had been obtained on March 2, 1976 was not executed because the defendant had left town. The second application, dated March 13, 1976, under which the search in question was made, was concededly based upon the same information as had been contained in the initial application. On this appeal, defendant raises two issues, neither of which require detailed comment. The first contention is that the trial court improperly admitted certain hearsay evidence, to defendant's "considerable prejudice". The statement in question was contained in a form designated Form ATFF 7520.5, developed by the National Firearms Distribution Center, a branch of the Department of the

Treasury. Ralph Anthony, a supervisor of the center, testified that the form had been created in order to assist law enforcement agencies in tracing firearms. The specific form prepared on the .38 caliber pistol involved in this case traced the weapon from the manufacturer to the wholesaler to a dealer to one Larry Sheely who lived in Florida. The final statement contained on the form, to which defendant now objects, is "the shop also advised us that Mr. Sheely had reported the firearm stolen". In reviewing the defendant's claim as to this statement, to which there was no objection made at the trial, it is unnecessary to decide whether it was, in fact, inadmissible hearsay. Even assuming that the statement was improperly allowed into evidence, the record does not support the defendant's contention that he was severely prejudiced by its admission. There was no claim made by the prosecutor that the defendant had stolen the gun, nor was there an attempt to create an inference of guilt of such an uncharged crime. The record overwhelmingly supports the jury's conclusion as to the defendant's guilt, and there is no claim to the contrary on this appeal. Under such circumstances the error, if any, in admitting the statement as to the uncharged crime, was harmless (People v Cook, 42 NY2d 204; People v Crimmins, 36 NY2d 230). Defendant's remaining contention is that the second warrant was stale because no new information was developed between the unexecuted March 2, 1976 application and the March 13, 1976 application. The question of staleness is a factual determination dependent upon the facts of each case. The information which was the basis of the warrants was quite detailed and indicated frequent illicit drug activity by defendant. In view of the fact that the delay was only 11 days and was caused by the defendant's absence, his present claim in this regard is without merit. Judgment affirmed. Greenblott, J. P., Sweeney, Kane, Mahoney and Larkin, JJ., concur.