■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN CLINKSCALES, Appellant.—Judgment unanimously reversed, on the law and facts, and indictment dismissed. Memorandum: Defendant appeals from his conviction for criminal possession of stolen property in the third degree (Penal Law, § 165.40) after a trial before the court sitting without a jury. Defendant and two codefendants were indicted for criminal possession of stolen property in the first degree (Penal Law, § 165.50), burglary in the third degree (Penal Law, § 140.20), and grand larceny in the third degree (Penal Law, § 155.35), in connection with the discovery by police, acting pursuant to a search warrant, of stolen property (including stereo and phonographic components, lamps, tables, a chair and paintings) in a house located at 38½ Glenwood Avenue in the City of Buffalo. The house was leased by codefendant Alma Henderson. When the police arrived on November 18, 1977 to search the premises, defendant and both codefendants were in the living room and the stolen property was found in a back extension of the house. In their search of a front bedroom, the police found male and female clothing, a rent receipt, an electric bill bearing Henderson's name and the 38½ Glenwood Avenue address, and several documents with defendant's name on them: i.e., a Department of Social Services identification card, an Erie County medical identification card, an Erie County work relief unit slip, a Social Security card and an Erie County Department of Social Services paper bearing defendant's signature. The court found all three defendants guilty of criminal possession of stolen property in the third degree as a lesser included offense of criminal possession of stolen property in the first and second degrees (Penal Law, §§ 165.50, 165.45). (The burglary and grand larceny counts were dismissed.) It determined that "all 3 of these defendants were residents of premises known as 38 and a half Glenwood Avenue in Buffalo"; "that as such residents they exercised dominion and control over the said stolen items for *[sic]* personal property located in the back room of said premises and that they therefore were in possession of said property"; and "that at the time said stolen property was discovered, it was in their—the joint exclusive possession of all 3 of these defendants." There was no proof that defendant was a lessee of 38½ Glenwood Avenue or that he exercised any dominion or control over the premises or the back

extension of the house where the property was found. On the contrary, the undisputed evidence was that the codefendant, Henderson, was the *sole* lessee of 38½ Glenwood Avenue. Nor was there any proof that defendant was at any time in actual possession of the property. There was insufficient evidence to establish that defendant was a regular occupant of the bedroom where his papers were found and as such a resident of the apartment. The prosecution offered no direct evidence of defendant's residency. The investigating officer, Detective McQueen, testified that no papers or identification were found in the front bedroom listing defendant's address as 38½ Glenwood Avenue. Significantly, a prosecution witness, Adrienne Booze, who frequented the premises and was "familiar with" both defendant and Alma Henderson, did not testify that defendant was a resident of 38½ Glenwood Avenue and could only remember seeing defendant there once prior to discovery of the *stolen* property. There was, however, uncontradicted evidence that defendant resided with a person named Nora Rumph at 159 Northampton on November 18, 1977, that he had lived with her continuously for approximately eight months prior to that time, and that defendant was *not* a resident of 38½ Glenwood Avenue. The male clothing found in the bedroom was of no probative value since it was not determined to have been the defendant's. The social services card and other papers found in the bedroom, while circumstantial evidence that defendant had been in the room and had left them there, did not establish that he was a regular occupant. Such proof is as consistent with his being an occasional visitor. We must conclude that the evidence does *not* "exclude, to a moral certainty, every hypothesis but that of guilt" *(People v Harris,* 47 AD2d 385, 388; see *People v Benzinger,* 36 NY2d 29; *People v Cleague,* 22 NY2d 363). In sum, the record does not support the conclusion reached by the trial court that defendant was in constructive possession of the property (see *People v Taggart,* 51 AD2d 863; *People v Harris, supra; People v Torres,* 45 AD2d 1042). (Appeal from judgment of Erie County Court—criminal possession of stolen property, third degree.) Present—Cardamone, J. P., Hancock, Jr., Schnepp, Callahan and Moule, JJ.