■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK J. DAVIS, Appellant. — Appeal from a judgment of the County Court of Broome County (Coutant, J.), rendered June 3, 1982, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree. On this appeal, defendant seeks to challenge the trial court's ruling denying his motion to suppress the controlled substances found pursuant to a search warrant which formed the basis of the criminal charges brought against him. An initial search warrant authorizing a search of the residence occupied by defendant and Roseanne Grecco and their persons for controlled substances was issued by the County Court Judge on October 9, 1981. The warrant was applied for by Detective Angeline of the Binghamton Police Department and was issued only after the confidential informant whose information formed the basis of Angeline's application was interviewed *in camera* by the County Court Judge. The October 9, 1981 warrant was never executed. Consequently, Detective Angeline made a second application for an identical search warrant which was issued by the County Court Judge on October 21, 1981. When defendant was subsequently stopped upon returning to his residence on the evening of October 21, 1981, two packages containing cocaine and heroin were recovered after defendant tossed them onto the driveway. Defendant argues that the second warrant was based upon information insufficient to constitute probable cause. A threshold question which must be addressed in resolving the issue of probable cause is the extent to which the application for the first search warrant on October 9, 1981 can be used to justify the issuance of the second warrant on October 21, 1981. Since Detective Angeline's affidavit in support of the second warrant application specifically incorporated the affidavit he had made in support of the first warrant in addition to the informant's sworn testimony before the court at that time, we see no reason why the two affidavits cannot be considered together in determining whether probable cause existed for issuance of the second warrant. Since both applications dealt with the same persons, premises and subject matter, the information in the first affidavit was certainly relevant to the second warrant application. While the information contained in the first affidavit might arguably have been stale at the time the second warrant was issued, and thus insufficient to support it, there was additional information submitted in Detective Angeline's second affidavit to support the October 21, 1981 warrant (cf. *People v McCants,* 59 AD2d 999). While we agree with defendant's position that the October 21, 1981 warrant must satisfy the two-pronged test of *Aguilar v Texas* (378 US 108) since it was based on statements made by an informant who did not testify under oath in support of the second warrant or execute an affidavit in support thereof (see *People v Bartolomeo,* 53 NY2d 225, 233-234), it is our view that the test has been met in this case. The "veracity" prong of the *Aguilar* test, dealing with the trustworthiness of the informant, was satisfied by a statement made by the informant against his

penal interest to Angeline that he had recently purchased heroin from defendant (*People v Brown,* 40 NY2d 183, 187). The "basis of knowledge" prong, concerning the trustworthiness of the information possessed by the informant, was satisfied by the extensive detail given about the drug dealings of defendant and Roseanne Grecco, who lived with defendant, which knowledge was gained through the informant's personal observations (*People v Rodriguez,* 52 NY2d 483, 491). Accordingly, we conclude that the second warrant was properly issued upon probable cause. We also disagree with defendant's contention that a technical defect in the October 21, 1981 warrant invalidated the entire warrant and requires suppression of the property seized as a result of its execution. CPL 690.45 (subd 3) requires that a search warrant contain "[t]he name, department or classification of the police officer * * * to whom it is addressed". The warrant involved in the instant case was addressed to any officer of the State Police, the Sheriff, Undersheriff or any deputy sheriff of Broome County, and "any sworn officer of the Police Department of the _____ of _____". Nothing was inserted in the blank spaces. Police officers from the Binghamton Police Department executed the warrant on the evening of October 21, 1981 with help from the Johnstown City Police Department. Search warrants should be tested in a commonsense and realistic manner with minor omissions and inaccuracies not affecting an otherwise valid warrant (*People v Nieves,* 36 NY2d 396, 401; *People v Brooks,* 54 AD2d 333, 335). In view of the fact that the Binghamton Police Department was conducting the investigation and it was a member of that police agency who applied for the search warrant, it appears obvious that the issuing Judge contemplated that it would be executed by members of the Binghamton Police Department. We, therefore, hold that the failure to specifically address the warrant to that police agency in this case was analogous to a clerical omission which did not invalidate the warrant or its subsequent execution (see *People v Parliman,* 56 AD2d 966, 967). In a similar argument, defendant claims that the evidence seized pursuant to the warrant should have been suppressed due to failure of the police to return to the issuing court the warrant, the seized property and a written inventory thereof until six days after the property was seized (see CPL 690.45, subd 8; 690.50, subd 5). Assuming, *arguendo,* that the six-day period constituted unnecessary delay within the terms of the relevant statutory provisions (*id.*), the requirement that the police officer timely return the property and the warrant constitutes a ministerial duty, noncompliance with which cannot be used to invalidate the warrant or the search (*People v Ciccarelli,* 104 Misc 2d 287, 289). Finally, we have reviewed the *in camera* testimony of the confidential informant given at a *Darden* hearing after defendant questioned at the suppression hearing the nature of the communications between the informant and police authorities. We find that the informant's testimony was consistent with that given by police officers at the suppression hearing and that there has been compliance with the procedure set forth in *People v Darden* (34 NY2d 177, 181-182). Judgment affirmed. Mahoney, P. J., Sweeney, Kane, Mikoll and Levine, JJ., concur.