OPINION OF THE COURT
Anne G. Feldman, J.
The issue before this court is whether a search warrant, not executed within the prescribed 10-day statutory period, may be renewed solely upon the information presented to the magistrate at the time of the warrant’s first issuance. The parties elected not to have a hearing in this case and stipulated to the following.
On December 16, 1982, a police officer of the Brooklyn South Narcotics Area submitted an affidavit in application for a search warrant for premises at 40 Cumberland Street in Kings County. In this affidavit he alleged that on December 14, 1982 an undercover police officer purchased two $10 tin foils of cocaine from an unidentified woman behind the door of apartment 2B in that building. The affidavit ended with the conclusory statement that the officer “observed that drugs are being sold on a regular basi[s].” The no-knock warrant issued on the same day authorized an “immediate search” of 40 Cumberland Street “occupied by J.D. Female Voice and of the person of J.D. Female Voice and of any other person who may be found to have such property [cocaine] in his possession”.
*964 CPL 690.30 (subd 1) provides that “[a] search warrant must be executed not more than ten days after the date of issuance and it must thereafter be returned to the court without unnecessary delay.” The 10 days during which the warrant could be executed extended until December 26, 1982. The warrant was not executed within the requisite period; instead, the police brought the warrant back to court on December 27 or 28, 11 or 12 days later* and applied for an extension of the warrant without presenting any new or additional information beyond what was set forth in the original affidavit.
The police returned to 40 Cumberland Street on December 28,1982, and made an additional purchase of narcotics from an unidentified male behind the door to apartment 2B. Shortly thereafter, relying upon the authority of the search warrant, the police entered apartment 2B and arrested the defendants. During the ensuing search, a .38 caliber revolver with five cartridges, $327 in cash, narcotics paraphernalia, and 11 glassines containing heroin were seized and vouchered. A return and inventory were made to the Criminal Court on January 3, 1983.
Defendants move the court to controvert the search warrant and suppress the physical evidence seized and any identification of the defendants, as fruits of an illegal search and seizure.
Failure to execute a warrant within the 10-day statutory period may not be excused as a mere ministerial or clerical aspect of search warrant proceedings. Compare People v Jacobowitz (89 AD2d 625 [execution of warrant 17 days after issuance in violation of CPL 690.30 required reversal of conviction and suppression of evidence]) with People v Horton (32 AD2d 707, 708 [upholding unintentionally misdated warrant]).
The seminal case in this area, Sgro v United States (287 US 206), was decided on facts virtually identical to those at bar. There, the Supreme Court struck down a warrant that was reissued 10 days after it had expired. The “reissued” *965 warrant was based upon the same affidavit submitted to the magistrate in support of the original application. There too, the applicable statute provided that a search warrant must be executed within 10 days of its issuance.
Support for a new warrant “must have appropriate relation to the application for the new warrant and must speak as of the time of the issue of that warrant. The [magistrate] has no authority to rely on affidavits which have sole relation to a different time and have not been brought down to date or supplemented so that they can be deemed to disclose grounds existing when the new warrant is issued” (Sgro v United States, supra, p 211; emphasis supplied).
In New York, only the Third Department of the Appellate Division has addressed the question of reissuance of search warrants. In People v McCants (59 AD2d 999), the original search warrant obtained on March 2,1976 was not executed within 10 days because the defendant, who was specifically named in the warrant, had left town. An application, dated March 13, 1976, for reissuance restated the “quite detailed’ information contained in the original application “indicating] frequent illicit drug activity by defendant” {supra, p 1000). The court upheld the reissued warrant because the 11-day delay in execution was caused by the defendant’s absence.
In People v Davis (93 AD2d 970), a search warrant issued on October 9,1981 was not executed, and a second warrant was issued on October 21, 1981. The affidavit and in camera testimony of an informant supporting the first warrant was incorporated by reference into the affidavit for the second warrant. The court found this information met a threshold requirement of relevance since both applications “dealt with the same persons, premises and subject matter” {supra). In upholding the second warrant, the court noted that “[w]hile the information contained in the first affidavit might arguably have been stale at the time the second warrant was issued, and thus insufficient to support it, there was additional information submitted in [the] second affidavit to support the [second] warrant” {supra).
Unlike McCants {supra), the warrants here were based neither on detailed information about the defendants nor *966 on facts indicating frequent drug activity at the premises. The only information presented to the magistrates about the occupants of the subject apartment was that a woman participated in the December 14 drug sale. The statement in the affidavit alleging frequent drug sales is entirely conclusory and insufficient to justify an inference of continuous or regular narcotics distribution from the apartment. The principle applied in Davis is also inapplicable here, since no additional information was presented to the magistrate about the premises or its occupants although two weeks had elapsed since the original drug purchase.
The People have presented no justification for the delay in executing the warrant in this case. The limited information before the issuing Judge cannot support the inference that circumstances in the subject apartment had not changed during the lapse of two weeks. The apartment was not kept under continual surveillance (People v Hansen, 38 NY2d 17, 20 [18 days between observation and issuance]; accord United States v Nepstead, 424 F2d 269, cert den 400 US 848 [six-day delay in execution]) and there was no information provided the reissuing Judge of continuing illegal activity (see People v Hanlon, 36 NY2d 549, 557; see, also, United States v Bedford, 519 F2d 650, 653, cert den 424 US 917).
Since the factual predicate for the warrant boils down to a single purchase of narcotics from an unidentified and potentially unidentifiable person, the information supporting the original warrant was stale and insufficient to justify its reissuance.
The issuance and execution of a search warrant is a “drastic” process, the abuse of which led to the adoption of the Fourth Amendment (Sgro v United States, 287 US 206, 210, supra). A search warrant subjugates important constitutionally protected privacy rights to the interest of law enforcement. It is not an investigatory device granting police officials “engaged in the often competitive enterprise of ferreting out crime” (Johnson v United States, 333 US 10, 14) unbridled discretion over when to execute it. An officer “on the delicate and sometimes dangerous mission” of executing a valid search warrant must be afforded some reasonable latitude as to time of execution (Spinelli v *967 United, States, 382 F2d 871, 885, revd on other grounds 393 US 410) because of the “practicalities and exigencies that the executing officer faces” (People v Glen, 30 NY2d 252, 261, cert den sub nom. Baker v New York, 409 US 849). However, this latitude is limited by the requirement that a search warrant be “based upon a judicial determination of the present existence of justifying grounds — i.e., at the time of issuance of the warrant” (Mitchell v United States, 258 F2d 435,437 [Bazelon, J., concurring opn]; emphasis in original).
While the police officers who executed this warrant apparently acted in good faith by seeking a new warrant and by making a purchase of narcotics from the subject apartment just before executing the warrant, their conduct failed to meet constitutional and statutory standards. Information regarding the December 28 confirmatory purchase, which could have been used as a basis for an oral application for a warrant by radio or telephone (CPL 690.36), was not presented to a magistrate. “When the right of privacy must reasonably yield to the right of search is, as a rule, to be decided by a judicial officer, not by a policeman or government enforcement agent” (<Johnson v United States, 333 US, at p 14).
Under the circumstances, the warrant as reissued must be stricken. The evanescent basis for its original issuance had dissipated before it was reissued. In the absence of fresh information supplying probable cause to the neutral magistrate reissuing it, the warrant was void. The ensuing search was therefore illegal and its fruits must be suppressed (Wong Sun v United States, 371 US 471).
Thus, the drugs and related paraphernalia, weapon, and money found on the premises during the execution of the search warrant may not be introduced as evidence at trial. Moreover, any identification of the defendants based upon the execution of the invalid warrant must be suppressed as a fruit of illegal search and seizure. This would not preclude the People from introducing as evidence any other identification information not affected by the illegal search or seizure of the defendants (United States v Crews, 44 US 463; People v Pleasant, 54 NY2d 972, cert den 455 US 924).

 The record is unclear as to when the extension was granted and what- Criminal Court Judge in fact granted it. The warrant bears an undated handwritten notation “Time to serve extended to 12/28/82,” apparently initialled by a Judge of the Criminal Court.