■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WILLIAM NIBUR, Respondent.—Appeal by the People from an order of the Supreme Court, Westchester County (Edelstein, J.), dated June 18, 1984, which granted defendant's motion to suppress certain tangible evidence on the ground that either the police had searched the wrong premises, or that the warrant pursuant to which the search had been conducted was impermissibly vague.

Order affirmed.

The premises searched were located at 5 South West Street, Mount Vernon, New York. At that address were three separate automotive repair shops, A. C. Auto Body on the left, Mount Vernon West Automotive Repair Services in the mid-

dle, and Bug Motors on the right. Three separate signs indicated the three separate names, and there were three bay doors and three motor vehicle repair shop identification notices. Only A. C. Auto Body is physically separated from the other two by a chain-link fence.

A police investigation allegedly focused on the middle repair shop, Mount Vernon West Automotive Repair Services, owned by defendant, as a place where illegal drugs could be obtained. However, after several weeks of investigation, the People sought a warrant to search Bug Motors, the repair shop on the far right. According to an affidavit by a police officer, the police were driven to Bug Motors by a man they had contacted to make a drug purchase. They saw the man enter Bug Motors with their money and exit Bug Motors with cocaine. On a later occasion the go-between told the police that his supplier was the owner of Bug Motors. The affidavit in support of the warrant contained numerous other references to Bug Motors, and none to defendant's shop, Mount Vernon West Automotive Repair Services. On March 19, 1984, a warrant issued, based upon the above affidavit, which authorized a search of Bug Motors. On March 23, 1984, the go-between was arrested, and he named defendant as his supplier. Later that evening, the police, armed with the March 19, 1984 search warrant for Bug Motors, entered and searched defendant's center repair shop, Mount Vernon West Automotive Repair Services.

In opposition to defendant's motion to suppress, the People argued that the police had always believed that Bug Motors encompassed the center repair shop as well as the one on the right. They claimed that they had been misled by the large Bug Motors sign, and thereafter had never had occasion to question this belief, or their assumption that the middle bay door was simply another entrance to Bug Motors. However, the Bug Motors sign is at the extreme right of the building, to the right not only of the center bay door, but of the far right bay door as well. Much closer to the center bay door is an unobstructed 8- by 3-foot sign indicating the name of defendant's shop in capital letters. Also unsupported are the People's assertions that the go-between entered and exited the center garage in order to make the sales. The affidavit in support of the issuance of the warrant states only that he entered Bug Motors.

Given the facts, it is clear that the evidence seized must be suppressed as it was not seized pursuant to a warrant. No warrant was issued authorizing the search of Mount Vernon

West Automotive Repair Services. While a minor error in a warrant might be overlooked if there is no possibility of mistake that the wrong premises will be searched, no reasonable person would be directed to defendant's establishment by a warrant issued against Bug Motors next door *(see, Steele v United States No. 1,* 267 US 498, 503). Mangano, J. P., O'Connor, Niehoff and Kooper, JJ., concur.