■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS P. DURANTE, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Baker, J.), rendered December 14, 1984, convicting him of attempted criminal possession of stolen property in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to controvert a search warrant and eavesdropping warrant, and to suppress the evidence obtained as a result thereof.

Ordered that the judgment is affirmed, and the case is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5).

An officer's affidavit in support of the search warrant in question detailed information relating to an auto theft ring provided by a confidential informant, which information was verified by the officer himself. The affidavit further related the officer's own observations of criminal activities, conversations intercepted pursuant to an eavesdropping warrant, and his extensive experience and training. There was, therefore, sufficient probable cause for the issuance of the search warrant *(People v Bigelow,* 66 NY2d 417; *People v Lapi,* 61 AD2d 825).

Moreover, the search warrant particularly described the items to be seized, despite the difficulty involved in describing dismantled auto parts *(People v Teribury,* 91 AD2d 815; *see also, People v Nieves,* 36 NY2d 396). The warrant was not overbroad or ambiguous and did not authorize a general, exploratory search *(Coolidge v New Hampshire,* 403 US 443, *reh denied* 404 US 874).

Reference to the warrant, its heading, and to the documents submitted in support thereof *(People v De Lago,* 16 NY2d 289, *cert denied* 383 US 963; *People v Brooks,* 54 AD2d 333; *People v Taggart,* 51 AD2d 863), indicate that the warrant authorized a search of the premises known as East Meadow Auto Parts, including its fenced-in area and roof. The executing officers did not exceed the parameters of the warrant in their search *(People v Nibur,* 113 AD2d 957, *lv denied* 67 NY2d 655; *People v Brooks, supra).*

Since the search warrant was properly issued and executed, suppression of the evidence seized pursuant to it was properly denied.

Similarly, the eavesdropping warrant in question was properly issued and executed. Further, the defendant does not have standing to contest any alleged failure to minimize the

interception of conversations on someone else's telephone *(People v Edelstein,* 54 NY2d 306, *rearg denied* 55 NY2d 878; *People v Sergi,* 96 AD2d 911). A detailed affidavit of a police officer provided probable cause for the eavesdropping warrant *(People v Gnozzo,* 31 NY2d 134, *rearg denied sub nom. People v Zorn,* 31 NY2d 709, *cert denied* 410 US 943; *People v Manuli,* 104 AD2d 386). The affidavit of the officer satisfied all of the requirements of CPL 700.15 including the requirement that the inability of law enforcement to proceed by normal investigative methods be established *(People v Gallina,* 95 AD2d 336). Brown, J. P., Weinstein, Rubin and Kooper, JJ., concur.