■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLIN ANDERSON, Appellant.—Appeal by the defendant from two resentences of the Supreme Court, Queens County (Hentel, J.), imposed February 8, 1985, upon his convictions of criminal possession of a controlled substance in the third degree (two counts, one as to each indictment), upon his pleas of guilty.

Ordered that the appeal is dismissed (see, CPL 450.30 [3]).

On October 29, 1981, the defendant pleaded guilty to two counts of criminal possession of a controlled substance in the third degree in full satisfaction of Queens County indictments Nos. 8328/79 and 8130/81. On December 3, 1982, the defen-

dant, after successfully challenging the People's predicate felony statement, was sentenced to concurrent terms of 1 to 3 years' imprisonment. The People appealed from the imposed sentences claiming that the defendant should have been sentenced as a second felony offender. The defendant did not appear on the People's appeal nor did the defendant file a notice of appeal from the original judgment of conviction. By order dated April 23, 1984, this court determined that the defendant should have been sentenced as a second felony offender and, thus, the imposed sentences were vacated and the matter was remitted for resentencing (see, People v Anderson, 100 AD2d 937). The defendant was resentenced on February 8, 1985, to concurrent indeterminate terms of 4½ to 9 years' imprisonment.

The defendant filed a notice of appeal from the resentences imposed February 8, 1985, and now seeks to challenge the propriety of the hearing court's order dated March 10, 1981, which denied that branch of the defendant's omnibus motion which was to suppress evidence seized pursuant to a search warrant. However, in view of the fact that the defendant never filed a timely notice of appeal from the original judgment of conviction, he may not challenge the propriety of the suppression ruling on his appeal from the resentences (see, CPL 450.30 [3]; see also, People v Blim, 54 AD2d 771). Accordingly, the defendant's appeal must be dismissed.

In any event, after reviewing the record herein, we conclude that the suppression ruling was proper (see, Steele v United States No. 1, 267 US 498; People v Nieves, 36 NY2d 396; People v Nibur, 113 AD2d 957). Mollen, P. J., Mangano, Kooper and Spatt, JJ., concur.