■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LATOSHA STEVENSON, Appellant.—Appeal from a judgment of the Supreme Court, New York County (Louis Neco, J.), rendered November 4, 1987, convicting defendant upon her plea of guilty of assault in the second degree, and sentencing her to

an indeterminate term of imprisonment of 3½ to 7 years, dismissed.

The order of the Supreme Court, New York County (Richard Failla, J.), entered May 3, 1989, denying defendant's motion to vacate the plea is affirmed. *Sua sponte,* defendant's May 9, 1989 notice of appeal is deemed a timely application to appeal denial of her motion to set aside the plea, and leave to appeal is granted. Motion to dismiss the appeal denied, as moot. Cross-motion to deem appeal from judgment as timely, denied. Motion to enlarge record granted.

Defendant, a prostitute, was charged with assaulting a motorist when he attempted to push her out of his car. In a complete colloquy at plea, defendant admitted her guilt. She was released pending sentence on the condition that she not be rearrested, appear for sentencing, and cooperate with the probation department. Defendant was specifically told that if she failed to appear for sentencing, an investigation would be conducted to determine whether she had voluntarily waived her presence and that she faced sentencing in absentia to the maximum term permissible. Defendant failed to appear for sentencing, and after a *Parker* hearing, the court imposed sentence.

Defendant was returned for execution of her sentence on May 3, 1989, following her arrest for prostitution in California. Before sentence was executed, counsel for defendant unsuccessfully argued that the plea was coerced. His request for time to submit the papers he had drafted in 1987 was denied by the court. On May 23, 1989 defendant filed a notice of appeal.

Defendant's appeal from the plea and sentence is dismissed as untimely. No notice of appeal was filed within thirty days of the imposition of sentence, and no timely motion was made pursuant to CPL 460.30 for an extension of time for taking the appeal. Defendant's time to appeal ran from November 4, 1987, the date of judgment imposing sentence. (CPL 460.10.) However, under the unique circumstances of this case, defendant's notice of appeal is treated as an application for leave to appeal from the denial of her motion to vacate the plea, leave is granted, and the determination of the court denying the motion is affirmed. Denial of defendant's motion was not an abuse of discretion. (CPL 220.60 [3]; *People v Frederick,* 45 NY2d 520, 528.) Defendant's claim that she was coerced into pleading guilty is not supported by the plea colloquy *(People v Ramos,* 63 NY2d 640) or the papers that were later filed with

the court. Concur—Murphy, P. J., Sullivan, Kassal and Smith, JJ.