People v Maharaj (2020 NY Slip Op 06145)





People v Maharaj


2020 NY Slip Op 06145


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2018-09019
 (Ind. No. 6215/89)

[*1]The People of the State of New York, respondent,
v
Jaipaul Maharaj, appellant.


Law Office of Robert "Bob" Walters, P.C., New York, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Michael J. Curtis of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a resentence of the Supreme Court, Queens County (Robert Charles Kohm, J.), imposed June 11, 2018, upon his conviction of assault in the first degree, upon his plea of guilty.
ORDERED that the resentence is affirmed.
In October 1990, the defendant pleaded guilty to assault in the first degree and was released on bail pending sentencing. The defendant failed to appear for sentencing, and the Supreme Court sentenced him, in absentia, to an enhanced term of imprisonment. In July 2017, the defendant was involuntarily returned on a bench warrant, and the previously imposed sentence was executed. The defendant thereafter moved pursuant to CPL 440.10 to vacate the judgment of conviction and pursuant to CPL 440.20 to set aside the sentence. In an order dated March 19, 2018, the court granted that branch of the defendant's motion which was pursuant to CPL 440.20 to set aside the sentence based on the lack of a presentence report and otherwise denied the motion. On June 11, 2018, the defendant was resentenced to the same term of imprisonment.
On appeal, the defendant contends that his plea allocution was factually insufficient to establish the crime of assault in the first degree. However, the defendant never filed a timely notice of appeal from the original judgment of conviction or sought an extension of time for taking an appeal, and his challenge to the factual sufficiency of the plea allocution is not properly before this Court on his appeal from the resentence (see CPL 450.30[3]; 460.10[1][a]; 460.30; People v Johnston, 140 AD3d 1528, 1529; People v Stevenson, 176 AD2d 516, 517; see also People v Anderson, 151 AD2d 684, 685).
Furthermore, the contentions raised in the defendant's motion pursuant to CPL 440.10 and 440.20 are not properly before this Court on the appeal from the resentence, and the defendant did not seek leave to appeal from the order dated March 19, 2018 (see People v Fontanet, 126 AD3d 723; People v Wynn, 40 AD3d 893).
The resentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
CHAMBERS, J.P., ROMAN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court