Van Voorhis, J.
Appellant occupied one apartment in a four-apartment structure known as 2 and 3 Abendroth Place, Port Chester, New York. Policy slips and other gambling paraphernalia were found in his apartment in a search thereof by the police made pursuant to a warrant commanding the search of ‘ ‘ the structure, located at premises 2 and 3 Abendroth Place, Port Chester, New York, believed to be the framed [sic] dwelling occupied by one Anthony De Lago ”. We regard this phraseology as sufficiently ambiguous to justify looking to the caption of the warrant for clarification (People v. Martell, 16 N Y 2d 245; Squadrito v. Griebsch, 1 N Y 2d 471, 475). The caption limits the search to the area described in the application for the warrant, namely, “ The first floor apartment *291 at 2 Abendroth Place, Port Chester,” which was the living unit occupied by Anthony De Lago, the appellant herein. This was enough to sustain the warrant against the attack made upon it under People v. Rainey (14 N Y 2d 35) that it was constitutionally deficient for “ not ‘ particularly describing the place to be searched ’ ” (N. Y. Const., art. I, § 12; U. S. Const., 4th Amdt.).
The search warrant is attacked upon the further ground that the Fourth Amendment to the United States Constitution requires an announcement by police officers of their purpose and authority before breaking into an individual’s home (Boyd v. United States, 116 U. S. 616), and that the warrant is, therefore, void for dispensing with the need for such notification.
Section 799 of the Code of Criminal Procedure, as amended by chapter 85 of the Laws of 1964, authorizes an officer to break open an outer or inner door or window, or any part of a building “ without notice of his authority and purpose, if the judge * * * issuing the warrant has inserted a direction therein that the officer executing it shall not be required to give such notice.” That section continues by stating that the Judge may so direct “ only upon proof under oath, to his satisfaction, that the property sought may be easily and quickly destroyed or disposed of, * * * if such notice were to be given.”
Boyd v. United States (supra), Accarino v. United States (179 F. 2d 456, 465) and other cases are cited in support of appellant’s contention.
Although the need for notification as a general constitutional requirement was reaffirmed in Ker v. California (374 U. S. 23), which is the leading case upon the subject, the Supreme Court upheld the lawfulness of a search (even without a warrant) where police officers entered quietly and without announcement in order to prevent the destruction of contraband, adding (pp. 37-38): “ The California District Court of Appeal * * * held that the circumstances here came within a judicial exception which had been engrafted upon the statute by a series of decisions, see, e.g., People v. Ruiz, 146 Cal. App. 2d 630, 304 P. 2d 175 (1956); People v. Maddox, 46 Cal. 2d 301, 294 P. 2d 6, cert. denied, 352 U. S. 858 (1956), and that the noncompliance was therefore lawful.”
*292 The Supreme Court examined whether, notwithstanding its legality under State law, the method of entering Ker’s home offended Federal constitutional standards of reasonableness. The court found no violation, even assuming that the officers’ entry by use of a key was the legal equivalent of a “ break ”. The California case of People v. Maddox (46 Cal. 2d 301, 306) was followed to the effect that the Fourth Amendment is not violated by an unannounced police intrusion, with or without an arrest warrant, where those within, made aware of the presence of someone outside, are then engaged in activity which justifies the belief that an escape or the destruction of evidence is being attempted.
Although the validity of a warrant is determined as of the time of its issuance (People v. Rainey, supra), in this instance it was represented to the court by affidavit that gambling materials were likely to be found at this location, and in issuing the warrant the court could take judicial notice that contraband of that nature is easily secreted or destroyed if persons unlawfully in the possession thereof are notified in advance that the premises are about to be searched.
For this reason we consider that it was reasonable to include in this search warrant the provision under attack that “ Sufficient proof having been given under oath that the gambling records and other paraphernalia sought may easily and quickly be destroyed and disposed of, the executing peace officer is not required to give notice of his authority and purpose prior to executing this order.” Even though there is nothing in the affidavit to show specifically how or where these gambling materials would be likely to be destroyed or removed, the likelihood that they would be was an inference of fact which the Judge signing the warrant might draw. The portion of section 799 of the Code of Criminal Procedure authorizing the inclusion of this provision in the search warrant is held to comply with the Fourth Amendment to the Constitution of the United States.
The judgment of conviction and the order denying the motion to suppress should be affirmed.
Chief Judge Desmond and Judges Dye, Fuld, Burke, Scileppi and Bergan concur.
Judgment and order affirmed. _ ,