■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. AUGUSTINE MECCA, Appellant.— Judgment unanimously reversed, on the law and facts, motion to suppress granted and matter remitted to Erie County Court for further proceedings upon the indictment. Memorandum: On this appeal from a judgment convicting defendant of criminal possession of gambling records in violation of subdivision 2 of section 225.15 of the Penal Law, defendant seeks to review an order of Erie County Court which denied his motion to suppress illegally seized records. Section 813-c of the Code of Criminal Procedure permits review of the order notwithstanding the fact that the judgment of conviction is predicated upon a plea of guilty. The records were seized when police officers went to the door of the premises and announced that they were police officers with a search warrant. They waited two to four seconds and hearing no response they broke open the door and seized the records. Subdivision (a) of section 799 of the Code of Criminal Procedure then in effect permitted such breaking into premises only if admittance was refused after the giving of notice by the officer of his authority and purpose. Waiting two to four seconds without response was not a sufficient time lapse to constitute a refusal of admittance. We find no merit in respondent's argument that the warrant should be treated as one issued under subdivision (b) of section 799 which permits entering without notice if the issuing Judge so directs. The issuing Judge made no such direction and the police officers' mistaken belief that the warrant authorized them to enter the premises without notice does not justify their unauthorized entry. (Appeal from judgment of Erie County Court convicting defendant of criminal possession of gambling records, second degree.) Present — Goldman, P. J., Witmer, Moule, Simons and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH GREEN, Appellant.— Judgment unanimously reversed, on the law and facts, motion to suppress granted, and matter remitted to Erie County Court for further proceedings upon the indictment. (Same Memorandum as in *People* v. *Mecca*, 41 A D 2d 897, decided herewith.) (Appeal from judgment of Erie County Court convicting defendant of possession of gambling records, second degree.) Present—Goldman, P. J., Witmer, Moule, Simons and Henry, JJ.

■ LEROY PARSONS, Respondent, v. JOHN J. PAPPAS, Appellant, and IRVING G. PARSONS, Defendant.— Judgment unanimously affirmed, with costs. Memorandum: While the question of the defendants' negligence was one of fact and properly passed upon by the jury, this may well be a case for application of the rule of apportionment between joint tort-feasors as stated in *Dole* v. *Dow Chem. Co.* (30 N Y 2d 143) and *Kelly* v. *Long Is. Light. Co.* (31 N Y 2d 25) which rule was enunciated during the course of this trial. If the defendants so stipulate, that determination may be made by a Trial Judge on the basis of the record as it now stands. If they do not so stipulate, it may be the subject of another action. (*Stein* v. *Whitehead*, 40 A D 2d 89, 93.) (Appeal from judgment of Steuben Trial Term in automobile negligence action.) Present — Goldman, P. J., Witmer, Moule, Simons and Henry, JJ.