STATE of Utah, Plaintiff and Respondent,

v.

Diane SPISAK, Defendant and Appellant.

No. 13454.

Supreme Court of Utah.

March 21, 1974.

J. Francis Valerga, American Fork, for defendant and appellant.

Vernon B. Romney, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

CALLISTER, Chief Justice:

Defendant appeals from her conviction by the court of the crime of manufacturing a Schedule I controlled substance, marijuana. She was sentenced to five years imprisonment, but the trial court suspended the execution of the sentence and placed her on probation for two years.

Pursuant to a search warrant, the police entered the dwelling where defendant was present and seized three containers in which six marijuana plants were growing. Defendant filed a motion to suppress this evidence on the ground that it was the product of an unreasonable search. Defendant's claim was predicated on the theory that Section 77–54–9(2), U.C.A.1953, as amended 1967, was unconstitutional, where in the issuing magistrate is authorized to insert a direction in a search warrant that the officer executing it shall not be required to give notice. The trial court denied the motion and ruled that said statute did not violate defendant's rights under the Fourth Amendment of the Constitution of the United States. Defendant appeals therefrom.

In a supporting affidavit, pursuant to which the search warrant was issued, the police officer swore that he went to the subject residence, where he observed through the windows marijuana growing. He further saw a young lady with a spoon, spading around the plants and watering them. The affiant further stated that the said narcotic drug might be easily and quickly disposed of. Based thereon, the magistrate issued the search warrant with the "no-knock" direction. The trial court found that the executing officer knocked but did not state his authority. The record indicates that defendant, her family, and a friend were seated in the living room, watching television at approximately 8:00 p. m. The door was partially open, and the executing officer walked in with three other officers. A search pursuant to the warrant was thereupon conducted, and the plants and their containers were seized.

Section 77–54–9, U.C.A.1953, as amended 1967, provides:

The officer may break open any outer or inner door or window of a house, or any part of a house or anything therein, to execute the warrant:

(1) If, after notice of his authority and purpose, he is refused admittance; or

(2) Without notice of his authority and purpose, if the judge, justice or magistrate issuing the warrant has inserted a direction therein that the officer executing it shall not be required to give such notice. The judge, justice or magistrate may so direct only upon proof under oath, to his satisfaction that the property sought is a narcotic, illegal drug, or other similar substance which may be easily and quickly destroyed or disposed of, or that danger to the life or limb of the officer or any other may result, if such notice were to be given.

Defendant contends that the foregoing statute is unconstitutional on the ground that it authorizes a "no-knock" direction in a warrant for a particular type of offense, namely, narcotics, rather than requiring proof that destruction or disposal is reasonably probable in the particular case.

In Ker v. California,[1] the court held that where there was justification for the officer's failure to give notice under the particular circumstances, this method of entry was not unreasonable under the standards of the Fourth Amendment as applied to the states through the Fourteenth Amendment. The significant factor cited to support justification for the officer's failure to give notice was the belief that Ker was in possession of narcotics, which could be quicky and easily destroyed.

There was no indication in the opinion that Ker had made any plans or attempts to destroy the evidence (marijuana).[2]

In People v. DeLago,[3] the defendant, as in the instant case, urged that the search warrant was void under the Fourth Amendment for dispensing with the need for notification. Under Section 799, Code of Criminal Procedure, McKinney's Consol.Laws (New York), a judge issuing a warrant may direct that the officer executing it shall not be required to give notice, however, "only upon proof under oath, to his satisfaction, that the property sought may be easily and quickly destroyed or disposed of, . . . if such notice were to be given." The court observed that in the affidavit it was represented that gambling materials were likely to be found at the subject location, and the issuing court could take judicial notice that contraband of that nature was easily secreted or destroyed, if persons in possession thereof were notified in advance that the premises were about to be searched. Under this circumstance the court considered the inclusion of the no notice direction reasonable. The court stated:

. . . Even though there is nothing in the affidavit to show specifically how or where these gambling materials would be likely to be destroyed or removed, the likelihood that they would be was an inference of fact which the Judge signing the warrant might draw. The portion of section 799 of the Code of Criminal Procedure authorizing the inclusion of this provision in the search warrant is held to comply with the Fourth Amendment to the Constitution of the United States.[4]

Section 77–54–9(2), U.C.A.1953, as amended 1967, provides for an objective

---

1. 374 U.S. 23, 40, 83 S.Ct. 1623, 1633, 10 L. Ed.2d 726, 742 (1963).

2. The opinion of Justice Clark has been subject to criticism as countenancing a "blanket" exception to the announcement requirement for certain offense categories, 80 Yale L.J., 139, 160, Announcement in Police Entries (1970). Nevertheless, his opinion remains the subsisting law.

3. 16 N.Y.2d 289, 266 N.Y.S.2d 353, 213 N.E. 2d 659 (1965), cert. den. 383 U.S. 963, 86 S.Ct. 1235, 16 L.Ed.2d 305 (1966).

4. Significantly, certiorari was denied in this case, which adhered to the standard set forth by Justice Clark in Ker v. California.

inquiry by a neutral party (a magistrate) to determine whether under the facts, a direction to dispense with notice may be included in a search warrant. In the instant action, the issuing magistrate could reasonably infer from the facts stated in the affidavit that the marijuana observed by the police could be easily and quickly destroyed, thus fulfilling the statutory requirements. These circumstances provided ample justification to dispense with notice in the search warrant, and the entry pursuant thereto cannot be deemed unlawful and in violation of the standard of reasonableness of the Fourth Amendment.[5]

The judgment of the trial court is affirmed.

HENROID, CROCKETT, ELLETT and TUCKETT, JJ., concur.

---

5. Defendant's reliance on decisions from California appears misplaced, since that jurisdiction has no similar statutory enactment. In Parsley v. Superior Court of Riverside County, 9 Cal.3d 934, 109 Cal.Rptr. 563, 513 P.2d 611, 615 (1973), the court held that, without legislative authorization, a magistrate is without power to give prior authorization to make an unannounced entry under a search warrant.