■ PEARL HALLMAN, as Administratrix of the Estate of MARGARET HALLMAN, Deceased, Appellant, v CITY OF NEW YORK, Respondent.—Judgment, Supreme Court, New York County, entered on April 8, 1974, setting aside the jury's verdict in favor of plaintiff and dismissing the complaint for failure to make out a prima facie case, unanimously reversed, on the law and on the facts, verdict reinstated, and a new trial directed on the issue of damages, with $60 costs and disbursements to abide the event, unless the plaintiff within 20 days of service upon her by defendant of a copy of the order entered hereon, with notice of entry, serves and files in the office of the clerk of the trial court a written stipulation consenting to reduce the reinstated verdict to $225,000 and to the entry of a judgment in accordance therewith. In such event, the judgment is reversed, on the law and on the facts, and vacated, and judgment directed in favor of plaintiff against defendant in the reduced amount of $225,000, without costs and without disbursements. The trial court, in setting aside the verdict as against the weight of the credible evidence, usurped the jury's right to resolve the

limited (by stipulation) question of fact presented, to wit: whether New York City Police Officer Southerland shot the decedent on August 10, 1971. Such error was compounded by the court's dismissal of the complaint for failure to prove a prima facie case. Such dismissal, in the face of eyewitness testimony that Patrolman Southerland fired the fatal shot, cannot be justified. However, a judgment exceeding the amount indicated is not warranted on this record. Concur—Murphy, J. P., Lupiano, Capozzoli, Lane and Nunez, JJ.