■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT TARALLO, Appellant.—Judgment, Supreme Court, Bronx County, rendered on January 31, 1974, convicting defendant, upon his plea of guilty of the crime of possession of gambling records, in the second degree, in violation of section 225.15 of the Penal Law, unanimously reversed, on the law, the second count in the indictment dismissed and matter remanded to the trial court for further proceedings on the indictment, as the District Attorney deems advisable. We are of the opinion that the gambling records seized should be suppressed because of the failure of the police officers to announce their authority or purpose before entering the apartment, since the search warrant did not expressly authorize a "no knock" entry. (CPL 690.50; 690.35, subd 3, par [b]); *People v Floyd,* 26 NY2d 558; *People v Mecca,* 41 AD2d 897.) Concur—Markewich, J. P., Murphy, Tilzer, Capozzoli and Lane, JJ.

■ CLIFFORD WILLIAMS, Appellant, v CITY OF NEW YORK, Respondent.— Judgment, Supreme Court, New York County, entered on December 9, 1974, dismissing the complaint in this personal injury action at the close of defendant's case, unanimously reversed, on the law, and a new trial directed, with $60 costs and disbursements to abide the event. The testimony of plaintiff and his eyewitness was sufficient to make out a prima facie case, requiring submission thereof to the jury. The trial court expressed its belief in the truthfulness of defendant's witness, rather than in the contrary testimony offered by plaintiff and indicated its view that the accident could not have happened "without him [plaintiff] being contributorily negligent". The trial court, in passing upon these and other disputed issues in the case, "usurped the jury's right to resolve the * * * question[s] of fact presented". *(Hallman v City of New York,* 47 AD2d 896). Concur—Stevens, P. J., Markewich, Lupiano, Tilzer and Capozzoli, JJ.