■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD E. HOLLOWAY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Richmond County, rendered February 25, 1975, convicting him of possession of untaxed cigarettes, upon his plea of guilty, and imposing sentence. Case remanded to the Criminal Term to hear and report on the issue of the reliability of the informant and of his information and appeal held in abeyance in the interim. Following a suppression hearing at which the court found that the evidence seized (475 cartons of untaxed cigarettes) had been legally obtained and was admissible against defendant, he pleaded guilty to the crime charged. The only basis upon which defendant could have been legally stopped and the trunk of his automobile searched rests upon information furnished by an informant. In the absence of such information there would not have been probable cause for the arrest, and the search, the validity of which depends upon the lawfulness of the arrest, would therefore have been illegal. There should be a full development of the status of the informant and of the reliability of his information. Martuscello, Acting P. J., Latham, Margett, Brennan, and Shapiro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL Izzo, Appellant.—Appeal by defendant from a judgment of resentence of the Supreme Court, Kings County, rendered May 14, 1975, convicting him of promoting gambling in the first and second degrees, upon a jury verdict, and imposing sentence. The appeal also brings up for review an order of the same court, dated October 9, 1974, which denied defendant's motion to controvert a search warrant. Judgment and order reversed, on the law, and motion granted; the evidence seized under the warrant is suppressed, and case remanded to Criminal Term for further proceedings not inconsistent herewith. In our opinion, the "no-knock" endorsement on the search warrant was made without there having been compliance with the explicit provisions of CPL 690.35 and 690.40. The request for that endorsement was not contained in the supporting affidavit. Further, that affidavit did not comply with those statutes with respect to the need to set forth the basis for such an endorsement (cf. *People v De Lago,* 16 NY2d 289, cert den 383 US 963, interpreting section 799 of the Code of Criminal Procedure). Latham, Acting P. J., Cohalan, Margett, Brennan and Munder, JJ., concur.