Joseph Jaspan, J.
The defendants move to suppress evidence seized upon the execution of a search warrant. The challenge is directed only to the manner in which it was executed and not to the sufficiency of the warrant itself.
On November 18, 1976 at about 6:50 p.m. four or five police officers armed with the search warrant knocked on the storm door of the one-family house located at 120 S. Evergreen Drive, Selden. In the absence of a reply, they opened the storm door and knocked on the inner door. A female, later identified as Mrs. Florence Annecca and the owner of the *932 home, answered the door and the officers identified themselves. They were then admitted into the house and after entry exhibited the search warrant to her. Mrs. Annecca, who is not a defendant, then showed the officers the way to reach the basement in which the suspects were later found and the allegedly incriminating evidence of gambling activities seized.
The narrow issue presented is whether the entry of the police inside the premises before stating their purpose was in violation of the requisites of CPL 690.50, thereby requiring a suppression of the property thereafter seized.
The threshold question is the significance of a provision in the warrant which read as follows: "Officers need not announce his [sic] purpose and authority prior to the execution of this search warrant.”
However, the supporting papers do not contain statements in support of such a remedy nor is that relief expressly sought in the application.
In People v De Lago (16 NY2d 289), the court upheld a no-knock warrant without specific application therefor where the court took or could take judicial notice of the fact that delay could permit the destruction of gambling records. But in that case the court’s warrant contained these words, "sufficient proof having been given under oath that the gambling records and other paraphernalia sought may easily and quickly be destroyed and disposed of, the executing peace officer is not required to give notice of his authority and purpose prior to executing this order” (p 292; emphasis added).
The language of the De Lago order was in compliance with CPL 690.50 (subd 2, par [b]) which authorizes a no-knock warrant and with CPL 690.45 which provides that a search warrrant may contain: "6. An authorization, where the court has specially so determined, that the executing police officer enter the premises to be searched without giving notice of his authority and purpose” (emphasis added).
In the instant case there was no finding that the court made such a determination. It is thus distinguishable from De Lago.
Accordingly, I hold the no-knock provision was not legally operative.
Consideration must therefore be given to the question of whether the momentary "entry” before announcement of purpose invalidates the search.
Applying the doctrine of "substantial compliance”, I find *933 that the police officers did not violate any statutory or constitutional rights of the defendants.
The basic purposes of the knock-and-announce rule in connection with the search of private premises are to protect the individual’s right of privacy and to reduce the possibility of harm to the police inherent in an unannounced entry. (70 ALR 3d 226, and cases cited thereunder.)
The rule was first announced in Semayne’s case (5 Coke 91, 77 Eng Reprint 194 [1604]) and has been followed since as part of the common law and incorporated into the United States statutes and into many State statutes, including New York (CPL 690.50). The constitutional requirement for such notice is set forth in Kerr v California (374 US 23).
The relevant New York statute (CPL 690.50) reads as follows: "1. In executing a search warrant directing a search of premises or a vehicle, a police officer must, except as provided in subdivision two, give, or make reasonable effort to give, notice of his authority and purpose to an occupant thereof before entry and show him the warrant or a copy thereof upon request. If he is not thereafter admitted, he may forcibly enter such premises or vehicle and may use against any person resisting his entry or search thereof as much physical force, other than deadly physical force, as is necessary to execute the warrant; and he may use deadly physical force if he reasonably believes such to be necessary to defend himself or a third person from what he reasonably believes to be the use or imminent use of deadly physical force.”
An analysis of the cases decided under this rule indicate a strict interpretation of conduct is applied where an actual entry is effected through force (State of Connecticut v Anonymous, 30 Conn Supp 197; Parsley v Superior Ct. of Riverside County, 9 Cal 3d 934; Commonwealth v Newman, 429 Pa 441; State v Lowrie, 12 Wash App 155), or by an unexpected intrusion through the use of a passkey supplied by a third person (People v Floyd, 26 NY2d 558), or unannounced entry is made through an unlocked door (Sabbath v United States, 391 US 585; State v Collier, 270 S2d 451 [Fla]).
But a technical entry without notice has not resulted in suppression (People v Peterson, 9 Cal 3d 717), nor has the evidence been suppressed in cases where there was substantial compliance with the relevant statute and common law. (People v Garnett, 6 Cal App 3d 280; People v Doane, 33 Mich App 579.)
*934 In State v Brissenden (23 NC App 730), the entry was upheld where the police knocked on the door and were greeted by the suspect and then entered the living room before announcing the purpose of their visit.
In determining marginal cases, the rule as established in Jones v United States (362 US 257), is that preference is to be accorded searches under a warrant and that in a doubtful or marginal case a search under a warrant may be sustainable where without one it would fall.
In the instant case the police gave notice of their authority and merely stepped into the house when permitted to do so by the owner, a person not involved in this prosecution. The notice of purpose immediately followed and it cannot be said that the mere stepping over the threshold with the consent of the owner is destructive of the effort which followed. No actual or constructive search commenced until notice of purpose was given.
It should be noted too that the opening of the storm door, after futilely knocking thereon, so that the police could knock on the inner door was not an entry in violation of the knock- and-announce rule (People v Harvey, 38 Mich App 39).
Notice of authority and purpose were almost simultaneous acts and I find that there was substantial compliance with the statutory requirements.
People v Tarallo (48 AD2d 611), cited by the defendant is a Per Curiam opinion which does not shed light as to the underlying facts of that case. Johnson v United States (333 US 10), also cited by the defendant, was decided with respect to a warrantless entry and the search was demanded under color of office. It is not controlling as to the facts in this case.
I conclude that the search was preceded by the appropriate notice and was not adversely affected by the manner in which the notice of purpose and authority was given.
The motion to suppress is denied.