■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO PAGAN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 3, 1975, convicting him of criminal sale of a controlled substance in the second and third degrees, upon a jury verdict, and imposing sentence. Judgment affirmed. We find no basis for defendant's argument that the remarks of the prosecutor warrant reversal when those remarks are considered in the context of the defense summations, particularly in light of the failure to object to those remarks and in view of the corrective nature of the trial court's charge to the jury. Further, under all of the circumstances, we find no illegality or abuse of discretion with respect to the sentence. Titone, J. P., Suozzi, Margett and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAVERIO PISCHETOLA, SALVATORE DI BERNARDO and ROBERT SASSANO, Appellants.— Appeals by defendants from three judgments of the Supreme Court, Suffolk County, one as to each defendant, all rendered October 14, 1977, convicting them of promoting gambling in the first degree and possession of gambling records in the first degree, upon a jury verdict, and imposing sentence. The appeals also bring up for review the denial of defendants' motion to suppress evidence. Judgments affirmed and case remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (subd 5). On the motion to suppress, defendants claimed that the warrant had been improperly executed because the officers secured entry when a co-occupant opened the door and let them in before the officers gave "notice of [their] authority and purpose" (see CPL 690.50, subd 1). On the facts here, we find that there had been sufficient compliance with the requirements of the statute (cf. *United States v Matlock,* 415 US 164, 171). Hopkins, J. P., Martuscello, Shapiro and O'Connor, JJ., concur. [89 Misc 2d 931.]

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO RAMIREZ, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered April 22, 1976, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing an indeterminate sentence with a minimum of one and one-half years and a maximum of life imprisonment on the criminal sale count, and a conditional discharge on the criminal possession count. Judgment affirmed. Once again we are confronted with a situation where the statutorily mandated sentence far exceeds the punishment which is appropriate for the acts performed (see *People v Castillo,* 61 AD2d 1034). The defendant, a 46-year-old man with no prior criminal record, faces the possibility of lifetime parole as the result of his sale of $20 worth of cocaine to an undercover police officer. Hopkins, J. P., Martuscello, Shapiro and O'Connor, JJ., concur.