■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE CLINTON, Appellant.—Motion for resettlement granted and the order of this Court entered on November 9, 1978 (65 AD2d 692) and the memorandum decision filed therewith are recalled and vacated, and the following substituted therefor: Judgment, Supreme Court, New York County, rendered September 1, 1976, convicting defendant on his plea of guilty of attempted criminal possession of a controlled substance in the fifth degree and sentencing him to probation, reversed, on the law, the motion to controvert the search warrant and suppress the contraband granted and the indictment dismissed. Defendant pleaded guilty to criminal possession of a controlled substance in the fifth degree, following denial of his motion to controvert a search warrant, containing a no-knock provision, and to suppress contraband seized as a result of the subsequent search. Having concluded that the no-knock provision was not factually justified, this court in an order entered November 7, 1977 held the appeal in abeyance pending a hearing directed to determine whether the police entry into the apartment complied with the requirements of CPL 690.50 (subd 1). That section provides in pertinent part: "In executing a search warrant directing a search of premises * * * a police officer must * * * give * * * notice of his authority and purpose to an occupant thereof before entry and show him the warrant or a copy thereof upon request." Following the hearing directed by this court, the trial court concluded that there had been substantial compliance with this provision and that the warrant had been properly executed. That conclusion seems to us inconsistent with the uncontradicted evidence adduced at the hearing, as well as with the trial court's factual findings. The critical witness on this issue was Officer Unger who testified that in plainclothes he went to the defendant's apartment door and knocked; that the defendant asked who was there; that the officer asked "Larry?" and the defendant responded "Yeah" and that the officer thereafter stated "I'd like to talk to you." The defendant thereupon opened the door some three to four inches. The officer then placed his foot against the door, asked the defendant if he could speak to him, forced the door open still further, pushing the defendant back, entered the apartment, and then informed the defendant that he and the others

with him were police officers and that they had a search warrant. We do not view this forcible entry as a substantial compliance with CPL 690.50 (subd 1). The District Attorney's reliance on *People v Riddick* (45 NY2d 300, 315) to sustain that which here occurred is misplaced. The holding in *Riddick* was succinctly set forth in the following words (p 315): "the purpose of the notice requirement was accomplished when, in response to the investigating officer's knock, defendant's infant son opened the door, and promptly on entering the officers declared their authority and their purpose to arrest defendant. What is determinative is that the entry was peaceable. No forcible entry was necessary or effected and no prejudice resulted from the officers' failure to give notice outside the open door." The police entry here into the apartment was indisputably forcible. We do not infer from the reference to absence of prejudice in *Riddick* that such a finding would sustain as lawful a forcible entry made in flat violation of the clear language of the controlling statutory section. Concur—Murphy, P. J., Fein and Sandler, JJ.

Birns and Evans, JJ., dissent in a memorandum by Evans, J., as follows: On May 2, 1975, police officers executed a search warrant at defendant's apartment and found therein a large quantity of marihuana, small amounts of cocaine, opium and LSD and a substantial amount of cash. Defendant moved to controvert the warrant and suppress the evidence seized. The trial court denied the motion without a hearing and defendant thereafter entered a guilty plea of attempted criminal possession of a controlled substance in the fifth degree and was sentenced to a five-year term of probation. On appeal, this court determined the "no-knock" provisions in the search warrant were not justified and remanded the matter for a hearing to determine whether or not the search had, in fact, been carried out without resorting to "no-knock" techniques (59 AD2d 854). The pivotal issue now before this court is the validity of the trial court's finding that the provisions of CPL 690.50 (subd 1) had been complied with substantially and the warrant properly executed. The section in question reads in pertinent part: "In executing a search warrant directing a search of premises * * * a police officer must * * * give, or make reasonable effort to give, notice of his authority and purpose to an occupant thereof before entry and show him the warrant or a copy thereof upon request. If he is not thereafter admitted, he may forcibly enter such premises * * * and may use against any person resisting his entry or search thereof as much physical force, other than deadly physical force, as is necessary to execute the warrant". A brief review of the facts is warranted since this matter necessarily turns thereon: A team of officers armed with a search warrant entered the premises in which defendant lived. Officer Unger in plainclothes knocked on defendant's apartment door. Defendant, inside, responded with "who's there?"; the officer asked "Larry?" and defendant responded "Yeah", and the officer stated "I'd like to talk to you." The door was opened three to five inches, with face-to-face between Officer Unger and defendant. Officer Unger placed his foot against the door, simultaneously saying "can I speak to you; can I come in?" and pushed at the door as Lieutenant Donnelly came to his side and also entered with him, pushing the defendant backward and announcing that they were police officers and had a search warrant. At this point other officers also entered and the search was conducted, during the course of which the search warrant was displayed to the defendant. Consideration must be given to defendant's contention that entry into defendant's apartment by the police before announcement of their authority and purpose, albeit momentarily, invalidates the search. We disagree. "The basic pur-

poses of the knock-and-announce rule in connection with the search of private premises are to protect the individual's right to privacy and to reduce the possibility of harm to the police inherent in an unannounced entry." *(People v Di Bernardo,* 89 Misc 2d 931, 933.) Although it may be conceded that this is a marginal case in that the police procedure failed to conform to the precise demands of the statute nonetheless, the actions of the police did not rise to the level of forced entry envisioned by the statute. Significantly, Officer Unger knocked on the door, and the door was opened by defendant whereupon the officers pushed into the apartment simultaneously announcing their authority and purpose. Although, not on all fours, *People v Riddick* (45 NY2d 300, 315) is instructive. In that case the Court of Appeals held the purpose of the notice requirement was accomplished when in response to the officer's knock the defendant's three-year-old son opened the door. Here the defendant himself opened the door, and as in *Riddick (supra),* on entering, the officers gave notice of their authority and purpose. The Court of Appeals in *Riddick* went on to say (p 315) that "What is *determinative* [emphasis added] is that the entry was peaceable. No forcible entry was necessary or effected and no prejudice resulted from the officers' failure to give notice outside the open door." We are inclined to agree with the dissenting opinion of Justices Clark and Burton in *Miller v United States* (357 US 301, 314) that "a requirement of prior notice of authority and purpose should not be given a 'grudging' application. But by the same token it should not be reduced to an absurdity." The judgment, Supreme Court, New York County entered September 1, 1976, convicting defendant on his plea of guilty to attempted criminal possession of a controlled substance, fifth degree, should be affirmed. Resettled order signed and filed.