STATE of Wisconsin, Plaintiff-Respondent,

v.

Michael CLEVELAND, Defendant-Appellant.†

Court of Appeals

*No. 82–1399–CR. Submitted on briefs March 15, 1983.— Decided July 5, 1983.*
(Also reported in 338 N.W.2d 500.)

For the appellant the cause was submitted on the briefs of *Glenn L. Cushing,* assistant state public defender.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Daniel J. O'Brien,* assistant attorney general.

Before Foley, P.J., Dean and Cane, JJ.

FOLEY, P.J. Michael Cleveland appeals from a judgment convicting him of possessing with intent to deliver a controlled substance (phencyclidine), and from an order denying his post-conviction motions. He claims that his trial counsel was ineffective because he did not move to suppress evidence obtained in a search of Cleveland's residence pursuant to a no-knock search warrant. This was the only evidence against Cleveland. Based on our conclusion that the evidence was suppressible, we agree that Cleveland's counsel was ineffective. We therefore reverse the judgment and remand this matter to the circuit court for a new trial.

A Burnett County court commissioner authorized the no-knock search of Cleveland's residence based solely on the representation of an investigator with the Burnett

County Sheriff's Department that drugs can be readily disposed of or concealed. The officers executing the warrant went to Cleveland's residence on a Sunday morning. They entered the residence through an unlocked door and found Cleveland in bed with his girlfriend. The officers had no reason to believe that Cleveland had observed them approaching his residence or that he was destroying evidence. They also did not know whether Cleveland stored his drugs where they could be easily destroyed or whether he had destroyed drugs in the past.

■

These facts do not justify the officers' unannounced entry into Cleveland's residence. If law enforcement officers want to search a residence, they must first knock and identify themselves and their purpose and allow time for someone to open the door. *See Morales v. State,* 44 Wis. 2d 96, 106, 170 N.W.2d 684, 689 (1969). The knock and announce requirement is not just a technicality. Its purpose is to protect the public from unreasonable invasions of their security and privacy and to protect the officers and innocent persons on the premises from violence and injury. 2 W. LaFave, *Search and Seizure,* sec. 4.8 (1978). These are important protections that may be suspended only in special circumstances. *Morales,* 44 Wis. 2d at 106, 170 N.W.2d at 689.

■

The mere fact that the object of the search is drugs that someone may possibly dispose of or conceal is not a sufficient special circumstance to justify an unannounced entry into a residence.[1] For the same reasons that the

---

[1] *Accord Reynolds v. State,* 238 So. 2d 557, 560 (Ala. Crim. App. 1970); *State v. Mendoza,* 454 P.2d 140, 144–45 (Ariz. 1969); *People v. Gastelo,* 432 P.2d 706, 708 (Cal. 1967); *State v. Anonymous,* 308 A.2d 251, 252 (Conn. Super. Ct. 1973); *Berryman v. State,* 368 So. 2d 893, 895 (Fla. Dist. Ct. App. 1979); *State v. Rauch,* 586 P.2d 671, 675 (Idaho 1978); *People v. Ouellette,* 401 N.E.2d 507, 510–11 (Ill. 1979); *State v. Dusch,*

law requires a particular and sufficient reason for intruding on the security of a person's home, it must require a particular and sufficient reason for suspending the protections required in the manner of the intrusion. If a sufficient reason was not required for suspending a protection, there would be no protection. Because there are too many objects that can be easily disposed of, the object of the search alone cannot be a sufficient reason. There would be no logical stopping point if we were to make an exception for drugs.

The facts also do not permit this court to conclude that an exception to the suppression requirement should be made in this case. Although the officers may have acted in good faith in relying on the no-knock authorization in the warrant, they could not in good faith seek the authorization based on the information they had. Unlike the situation in *State v. Noll*, 111 Wis. 2d 587, 591–92, 331 N.W.2d 599, 602 (Ct. App. 1983),[2] where the officers had the necessary facts to correct the defects in the search warrant but by mistake did not include them in the warrant, the officers in this case had no facts to justify their unannounced entry into Cleveland's residence.

289 N.E.2d 515, 518 (Ind. 1972); *Commonwealth v. Scalise*, 439 N.E.2d 818, 823 (Mass. 1982); *State v. Lien*, 265 N.W.2d 833, 838 (Minn. 1978); *State v. Gassner*, 488 P.2d 822, 826 (Or. Ct. App. 1971); *Commonwealth v. Newman*, 240 A.2d 795, 798 (Pa. 1968); *State v. Carufel*, 314 A.2d 144, 148 (R.I. 1974); *Heaton v. Commonwealth*, 207 S.E.2d 829, 831 (Va. 1974); *State v. Harris*, 530 P.2d 646, 652 (Wash. Ct. App. 1975). *Contra People v. Lujan*, 484 P.2d 1238, 1241 (Colo. 1971); *Cox v. State*, 286 S.E.2d 482, 484 (Ga. 1981); *Henson v. State*, 204 A.2d 516, 519–20 (Md. 1964); *State v. Meyer*, 311 N.W.2d 520, 524 (Neb. 1981); *State v. Smith*, 181 A2d 761, 770 (NJ 1962); *People v. De Lago*, 213 N.E.2d 659, 661 (N.Y. 1965), *cert. denied*, 383 U.S. 963 (1966); *State v. Loucks*, 209 N.W.2d 772, 777–78 (N.D. 1973); *State v. Spisak*, 520 P.2d 561, 562–63 (Utah 1974).

[2] The Wisconsin Supreme Court is reviewing this decision.

Based on our conclusion that the only evidence against Cleveland could have been suppressed, Cleveland's counsel was ineffective for his failure to file a suppression motion. *See State v. Harper*, 57 Wis. 2d 543, 557, 205 N.W.2d 1, 8 (1973). We therefore reverse the judgment of conviction and remand this matter to the circuit court for a new trial at which the evidence obtained in the search of Cleveland's residence cannot be used.[3]

*By the Court.*—Judgment and order reversed and cause remanded with directions.

---

[3] Because we conclude that Cleveland's conviction must be reversed, we need not decide the remaining issues raised. We also need not decide whether a magistrate is authorized to grant a no-knock warrant upon presentation of facts that demonstrate a likelihood that evidence will be destroyed, *Compare Lien*, 265 N.W.2d 833 (prior authorization required), *with Parsley v.*

*Superior Court,* 104 Cal. Rptr. 643 (Cal. App. 1972), *vacated* 513 P.2d 611 (Cal. 1973) (magistrate cannot authorize no-knock warrant).