**UNITED STATES of America,
Appellee,**

**v.**

**Gerald TISDALE and Kevin Middleton,
Defendants–Appellants.**

**Rudy Forman, Defendant.**

**Docket Nos. 98–1362(L), 98–1363.**

United States Court of Appeals,
Second Circuit.

Argued: June 23, 1999

Decided: Nov. 4, 1999

Irving Cohen, New York, N.Y. (Jonathan I. Edelstein, New York, NY, of counsel), for Defendant–Appellant Kevin Middleton.

Stephanos Bibas, Assistant United States Attorney, New York, N.Y. (Mary Jo White, United States Attorney for the Southern District of New York, Lewis J. Liman, Assistant United States Attorney, New York, NY, of counsel), for Appellee.

Before: MINER, JACOBS, and PARKER, Circuit Judges.

PER CURIAM.

Defendant-appellant Kevin Middleton appeals from the judgment of the United States District Court for the Southern District of New York (Miriam Goldman Cedarbaum, *Judge*) entered July 14, 1998, convicting appellant, after a jury trial, of conspiracy to distribute cocaine base, and related counts. Appellant's main argument on appeal is that he was denied the effective assistance of counsel because his trial counsel failed to move to suppress evidence obtained by the police during a raid on co-defendant Gerald Tisdale's residence.[1]

When premising an ineffectiveness claim on a suppression issue, the defendant must show that the suppression issue is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence. *Laaman v. United States*, 973 F.2d 107, 113 (2d Cir.1992). Because it is perfectly clear that the suppression issue lacks merit, we affirm. *See United States v. Aulet*, 618 F.2d 182, 185–86 (2d Cir. 1980) (where resolution is "beyond any doubt," ineffectiveness claim raised for the first time on direct appeal may be resolved) (internal quotation omitted).

The search of Tisdale's residence, an apartment in New York City, was conducted by a joint state-federal task force on November 9, 1990. A no-knock search warrant—issued November 7, 1990, by a Justice of the Supreme Court of the State of New York—authorized the search. The affidavit supporting the warrant was sworn

---

1. Although appellant made a motion for a new trial on this ground, the parties agree that that motion was untimely and a nullity.

to by a New York City police officer and was based on information from a confidential informant experienced in the drug trade. The affidavit stated that on October 31, 1990, one week before the warrant issued, the informant met with "J.D. Gerald" inside the apartment. J.D. Gerald gave the informant a plastic bag containing fifty vials of crack, and instructed him to sell the vials and to return a portion of the proceeds to J.D. Gerald. On November 6, 1990, the informant returned for additional drugs. After the informant rang the apartment on the building's intercom system, J.D. Gerald appeared at the apartment's window and threw a bag containing fifty vials out the window to the informant.

The officer's affidavit also stated, "In view of the fact that the property sought to be seized is narcotics and therefore can be easily and quickly disposed of or .destroyed, it is further requested that the officer executing the warrant be permitted to enter without prior notice of authority or purpose." This language tracked the language of the New York no-knock statute—now codified at N.Y.C.P.L. § 690.35(4)(b)(i)—which permits issuance of a no-knock warrant upon a showing that "the property sought may be easily and quickly destroyed or disposed of." N.Y.C.P.L. § 690.35(4)(b)(i).

Before issuing the warrant, the judge placed the informant under oath and questioned him. The informant stated that he had been selling drugs for J.D. Gerald for "a few months." The informant had been inside the residence, and had seen drugs there, on two occasions prior to that week. With this factual information, the judge issued the no-knock warrant that authorized a search of the apartment for cocaine.

According to appellant, there was not a sufficiently particularized showing—as required by *Richards v. Wisconsin*, 520 U.S. 385, 117 S.Ct. 1416, 137 L.Ed.2d 615 (1997)—that exigent circumstances existed in this case so as to justify the issuance of the no-knock warrant. This argument is without merit.

■ The method of an officer's entry into a dwelling is among the factors to be considered in assessing the reasonableness of a search under the Fourth Amendment. *See Wilson v. Arkansas*, 514 U.S. 927, 934, 936, 115 S.Ct. 1914, 131 L.Ed.2d 976 (1995) (holding that Fourth Amendment requires state to establish reasonableness of an unannounced entry). "[T]o justify a 'no-knock' entry, the police must have a reasonable suspicion that knocking and announcing their presence, under the particular circumstances, would be dangerous or futile, or that it would inhibit the effective investigation of the crime by, for example, allowing the destruction of evidence." *Richards*, 520 U.S. at 394, 117 S.Ct. 1416. *Richards* approved the issuance of no-knock warrants. *Id.* at 396 n. 7, 117 S.Ct. 1416.

■ *Richards* illustrates that a no-knock search may be valid even without a no-knock warrant. *Richards*, 520 U.S. at 388, 395–96, 117 S.Ct. 1416 (magistrate deleted no-knock portion of proposed warrant; no-knock search valid because exigent circumstances existed). Nevertheless, the issuance of a warrant with a no-knock provision potentially insulates the police against a subsequent finding that exigent circumstances, as defined by *Richards*, did not exist. The exclusionary rule does not apply to evidence obtained by a police officer whose reliance on a search warrant issued by a neutral magistrate was objectively reasonable, even though the warrant is ultimately found to be defective. *Illinois v. Krull*, 480 U.S. 340, 348, 107 S.Ct. 1160, 94 L.Ed.2d 364 (1987) (citing *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984)). Reliance on a warrant is not objectively reasonable if, for example, the affidavit supporting the warrant is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Leon*, 468 U.S. at 922–23, 104 S.Ct. 3405 (internal citation omitted).

■ Applying these principles to this case, we conclude that appellant is not entitled to relief even assuming that exigent circumstances, as defined by *Richards*, were absent. We find that, regardless of the existence of exigent circumstances, the officers were entitled to rely on the no-knock provision of the warrant in good faith.

The drugs at issue were described in the affidavit supporting the warrant as being in readily disposable form. Indeed, J.D. Gerald had recently thrown a bag containing fifty vials out the apartment's window, this apparently being a method of distributing drugs from the apartment to street sellers. Because the affidavit contained indicia pointing to the existence of particularized exigent circumstances, the officers' reliance on it was, at the least, not "entirely unreasonable." *Leon*, 468 U.S. at 923, 104 S.Ct. 3405; *see Rodriguez v. Butler*, 536 F.2d 982, 987 (2d Cir.1976) ("Arguably, the presence of easily disposable contraband without more constitutes a sufficient exigency to justify no-knock entry.").

A few additional points bear mention. Initially, we note that the parties dispute whether the federal no-knock statute 18 U.S.C. § 3109 applies to the execution of a state warrant by a joint state-federal task force. This argument is moot in light of *United States v. Ramirez*, 523 U.S. 65, 118 S.Ct. 992, 140 L.Ed.2d 191 (1998), which held that the federal statutory and constitutional standard is the same, and in light of the fact that appellant does not contend that the New York State standard is more stringent than the federal one (an issue we have not considered). *See Ramirez*, 523 U.S. at ——, 118 S.Ct. at 998 ("We therefore hold that § 3109 includes an exigent circumstances exception and that the exception's applicability in a given instance is measured by the same [Fourth Amendment] standard we articulated in *Richards*."); *cf. United States v. Brown*, 52 F.3d 415, 418, 420 (2d Cir.1995) (prior to *Ramirez*, applying § 3109 to search conducted pursuant to state warrant by joint state-federal "search team").

Second, both parties address the good faith issue by application of the exigent circumstances rule enunciated in 1997 in *Richards*. Neither side contends that a different standard applied at the time the officers in this case relied on the warrant to execute a no-knock search in November 1990, and we have not considered that issue.

Similarly, we note that *Richards* cites New York as a jurisdiction that had adopted a rule similar to the blanket no-knock rule *Richards* overturned. *Richards*, 520 U.S. at 390 n. 1, 117 S.Ct. 1416 (citing *People v. De Lago*, 16 N.Y.2d 289, 266 N.Y.S.2d 353, 213 N.E.2d 659 (1965)). Appellant has not argued that New York had a blanket rule prior to *Richards*. *Cf. People v. Clinton*, 59 A.D.2d 854, 399 N.Y.S.2d 131, 131–32 (1st Dep't 1977) (holding, nearly twenty years prior to *Richards*, that no-knock warrant was invalid because the narcotics that were the object of the search were not subject to quick and easy disposal). The statutory text does not conflict with the requirements set forth by *Richards*. *See People v. Skeete*, 257 A.D.2d 426, 684 N.Y.S.2d 198, 199 (1st Dep't 1999) ("The 'no knock' provision of the search warrant was not based solely upon the fact that drugs were involved") (citing *Richards*). At any rate, as noted, we have assumed for resolution of this appeal that an insufficiently particularized showing was made in this case. We do not address the issue of whether New York had adopted a blanket rule or if, prior to *Richards*, such rule was clearly unconstitutional. *See Krull*, 480 U.S. at 349–50, 107 S.Ct. 1160 ("Unless a statute is clearly unconstitutional, an officer cannot be expected to question the judgment of the legislature that passed the law.").

In conclusion, appellant's suppression claim is without merit because, at the least, the officers could rely in good faith on the no-knock warrant. Trial counsel's failure to bring a meritless suppression

motion cannot constitute ineffective assistance. *See Laaman,* 973 F.2d at 113. We have reviewed the remaining arguments raised on appeal and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.