**UNITED STATES of America,**
**Appellee,**

v.

**Edward HARTERY, Defendant–**
**Appellant.**

**No. 05–4277–CR.**

United States Court of Appeals,
Second Circuit.

Feb. 24, 2006.

Brenda K. Sannes, Assistant United States Attorney (Robert A. Sharpe), for Glenn T. Suddaby, United States Attorney for the Northern District of New York, for Appellee, of counsel.

Ronald L. Kuby, Kuby & Perez, LLP, New York, N.Y., for Defendant–Appellant.

PRESENT: Hon. GUIDO CALABRESI, Hon. CHESTER J. STRAUB, Circuit Judges, and Hon. CHRISTOPHER F. DRONEY,* District Judge.

---

* The Honorable Christopher F. Droney, of the United States District Court for the District of Connecticut, sitting by designation.

## SUMMARY ORDER

On June 9, 2004, Defendant–Appellant Edward Hartery ("Appellant") pleaded guilty to a one-count indictment charging him with possessing firearms after having been previously convicted of a felony. Appellant entered his guilty plea after the District Court for the Northern District of New York (Kahn, *J.*) denied his motion to suppress evidence that had been discovered at his residence pursuant to a search warrant that was issued on February 28, 2003 by United States Magistrate Judge David R. Homer. Appellant contends that probable cause did not support the issuance of the search warrant, and therefore that evidence obtained during the search was inadmissible. We assume the parties' familiarity with the facts, procedural history, and scope of issues on appeal, which we reference only as necessary to explain our decision.

The district court concluded that the magistrate judge's decision to issue a warrant was supported by probable cause since the government's application for the warrant included, *inter alia,* statements from a confidential informant ("CI") who (1) had observed firearms in Appellant's residence six months before the warrant was requested, and (2) had learned from an unnamed individual that firearms were present in Appellant's home just weeks before the search warrant was sought. The court concluded that the CI's affirmations were corroborated by testimony from Jeff Sweet, the owner of a taxidermy shop, who had told police that, earlier still, Appellant had brought in a bear to be stuffed and had stated that he had shot the bear himself. The district court also held that the evidence obtained pursuant to the warrant was admissible under the "good faith exception" to the Fourth Amendment.

We agree that, even if the CI's statements and Sweet's testimony were insufficient to provide probable cause to support the issuance of the disputed warrant, the evidence was nonetheless admissible because the police relied in good faith on a facially valid warrant issued by a neutral and detached judicial officer. *See United States v. Tisdale*, 195 F.3d 70, 72 (2d Cir. 1999) ("The exclusionary rule does not apply to evidence obtained by a police officer whose reliance on a search warrant issued by a neutral magistrate was objectively reasonable, even though the warrant is ultimately found to be defective."). "In the ordinary case, an officer cannot be expected to question the magistrate's probable-cause determination or his judgment that the form of the warrant is technically sufficient." *United States v. Leon*, 468 U.S. 897, 921, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). In the instant case, there is no indication in this record that the government deliberately or recklessly misled the magistrate judge in the warrant application, or that the judge abdicated his duty. *See id.* at 926, 104 S.Ct. 3405. There is, moreover, no basis for concluding that the agents acted anything but reasonably and in good faith in relying on the authority of the warrant. We therefore conclude that the district court did not err in refusing to suppress the evidence obtained by the search.

We have considered all of Appellant's arguments and find them to be without merit. The judgment of the district court is hereby AFFIRMED.