■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMONE N. BARNHILL, Appellant. [823 NYS2d 301]—

Crew III, J. Appeal from a judgment of the County Court of Greene County (Lalor, J.), rendered April 12, 2005, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

Sergeant Ronald Frascello and Officer Edward Tercasio of the Village of Catskill Police Department went to an apartment at 206 Main Street to execute a bench warrant for defendant's brother, Macklenn Williams. As they approached the apartment, they observed Jazzlyn Hughes, defendant's girlfriend, walking out of the door of the apartment. Frascello rang the doorbell of the apartment and, while waiting for an answer, Hughes stepped between the officers, opened the door to the apartment and walked in leaving the door wide open. The officers then observed defendant in the apartment and inquired as to his identity. When the officers asked defendant if anyone else was in the apartment, he responded that his brother was there. A second male entered the room and when asked as to his identity, he advised that he was Macklenn Williams. Williams then was informed that there was a warrant for his arrest, and he was placed under arrest by Tercasio. At this time, Frascello observed what he believed to be crack cocaine in plain view on the coffee table.

Defendant thereafter was arrested and charged with criminal possession of a controlled substance in the second degree and criminal possession of a controlled substance in the third degree. Defendant subsequently moved to suppress the cocaine and a voluntary statement made by him, which motion was denied. Defendant then pleaded guilty to criminal possession of a controlled substance in the third degree in satisfaction of the indictment and was sentenced to a term of imprisonment of 2½ to 7½ years. Defendant now appeals.

Defendant contends that the police violated the knock and announce requirement of CPL 120.80 (4) and, consequently, the cocaine and his voluntary statement should have been suppressed. We disagree. It is now well established that consent to enter an apartment may be established by conduct, as well as words (*see e.g. People v Brown*, 234 AD2d 211, 213 [1996], *affd* 91 NY2d 854 [1997]). Here, the record supports a determination that defendant implicitly consented to the police entry into the apartment by willingly engaging in conversation with the officers without objecting to their entry or continued presence in the apartment (*see e.g. People v Smith [Mills]*, 239 AD2d 219, 220-221 [1997], *lvs denied* 90 NY2d 908, 911 [1997]). With regard to defendant's contention that the officers violated the knock and announce requirement by concealing their authority and purpose from Hughes before entering the apartment, we note only that the officers were uniformed, thus giving notice of their authority. Moreover, the purpose of the knock and announce requirement is to obviate the need for forcible entry (*see People v DeCapua*, 193 AD2d 1109 [1993], *lv denied* 82 NY2d 716 [1993]), which purpose was satisfied here. Accordingly, County Court properly denied defendant's suppression motion. We have considered defendant's remaining contentions and find them equally without merit.

Cardona, P.J., Mercure, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.