**UNITED STATES of America, Appellee,**

v.

**James GOODWIN, Defendant–Appellant.**

**No. 06–0720–cr.**

United States Court of Appeals, Second Circuit.

May 21, 2007.

Brent S. Wible, Assistant United States Attorneys, of counsel (Maria E. Douvas, Robin L. Baker, Assistant United States Attorneys, of counsel, on the brief), for

Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Devin McLaughlin, Langrock Sperry and Wool, Middlebury, VT, for Defendant–Appellant.

Present: Hon. JON O. NEWMAN, Hon. ROGER J. MINER and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Defendant, James Goodwin, pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). His Guidelines range was 84 to 105 months. At a sentencing hearing on January 26, 2006, the district court imposed a sentence of, principally, 90 months' imprisonment. This appeal followed. We assume the parties' familiarity with the underlying facts and procedural history in this case.

Goodwin contends that: (1) this case should be remanded to resolve his ineffective assistance of counsel claim; (2) the district court should have granted a downward departure because he voluntarily disclosed the location of the firearm; and (3) the sentence is procedurally and substantively unreasonable. We consider each claim in turn.

Goodwin first argues that his counsel was ineffective in failing to bring a suppression motion based on alleged inconsistencies in the warrant affidavit. While ineffective assistance claims are ordinarily "litigated in the first instance in the district court," *Massaro v. United States,* 538 U.S. 500, 505, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003), where "it is perfectly clear that the suppression issue lacks merit," we can resolve an ineffectiveness claim raised for the first time on direct appeal, *United States v. Tisdale,* 195 F.3d 70, 71 (2d Cir.

1999) (per curiam). There are no grounds for suppression in this case. *Franks v. Delaware,* 438 U.S. 154, 155–56, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), provides for a suppression hearing upon "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit." Even if the confidential informant lied to the police, as Goodwin maintains, there is no indication the affiant knew of those lies or acted with reckless disregard for the truth. "Trial counsel's failure to bring a meritless suppression motion cannot constitute ineffective assistance." *Tisdale,* 195 F.3d at 73–74.

Goodwin next argues that the district court erred in failing to grant a downward departure based on his voluntary disclosure of the location of the weapon. "[A] refusal to downwardly depart is generally not appealable." *United States v. Stinson,* 465 F.3d 113, 114 (2d Cir.2006) (per curiam). Because there is no "clear evidence of a substantial risk that the judge misapprehended the scope of [her] departure authority," we cannot review the district court's failure to downwardly depart. *Id.* (internal quotation marks omitted).

Finally, Goodwin argues that his sentence is procedurally and substantively unreasonable. We disagree. We review a district court's sentence for "reasonableness." *United States v. Crosby,* 397 F.3d 103, 114 (2d Cir.2005). Reasonableness review "involves consideration not only of the sentence itself, but also of the procedures employed in arriving at the sentence." *United States v. Fernandez,* 443 F.3d 19, 26 (2d Cir.2006).

Goodwin argues that the district court erred in failing to consider disparities between sentencing in state court and federal

court. Even if this were error—a question we do not reach—it would be harmless because the district court stated that it would have imposed the same sentence if consideration were given to federal-state disparities. *See, e.g., United States v. Reis,* 369 F.3d 143, 151 (2d Cir.2004) (quoting *United States v. Payton,* 159 F.3d 49, 61 (2d Cir.1998)) ("When a sentencing court relies on a combination of permissible and impermissible factors to justify a departure, the sentence will be affirmed if an appellate court determines the district court would have imposed the same sentence absent reliance on the impermissible factors.").

Goodwin also contends that the sentence was substantively unreasonable because the district court gave undue weight to Goodwin's criminal history instead of balancing the 18 U.S.C. § 3553(a) factors. This contention is without merit. The district court reasonably considered Goodwin's history of multiple felonies and the need to ensure adequate deterrence. It also reduced the sentence from 105 months to 90 months in express recognition of Goodwin's "troubled background." We find that the sentence imposed was reasonable.

For the reasons stated above, we **AFFIRM** the judgment of the district court.