# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1025
KA 09-00197
PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                         V                              MEMORANDUM AND ORDER

JUSTIN JONES, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MATTHEW DUNHAM OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (John R. Schwartz, A.J.), rendered November 17, 2008. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [1] [b]), defendant contends that County Court erred in refusing to suppress tangible evidence seized from him by police officers as the fruit of an unlawful entry. We reject that contention. The evidence at the suppression hearing supports the court's conclusion that the police officers lawfully entered defendant's house to execute a bench warrant for defendant's brother. The evidence established that the officers reasonably believed that the brother, who resided at the same house, was present when they entered (*see* CPL 120.80 [4]; 530.70 [2]; *People v Paige*, 77 AD3d 1193, 1194, *affd* 16 NY3d 816). The record also supports the court's alternative conclusion that defendant's sister consented to the entry of the officers (*see People v Barnhill*, 34 AD3d 933, 934, *lv denied* 8 NY3d 843). We reject defendant's further contention that a police officer's removal of the blanket that was completely covering defendant, including his face, constituted an unlawful search not supported by probable cause. The officer's conduct in removing the blanket to ascertain defendant's identity and to keep defendant's hands in view was reasonable under the circumstances (*see People v Wheeler*, 2 NY3d 370, 373-374). Having removed the blanket, the officer was entitled to seize the handgun that was then in plain view (*see id.*), and to search a hooded sweatshirt located near defendant's feet (*see People v Smith*, 59 NY2d

454, 458).

Entered:  October 5, 2012                    Frances E. Cafarell
                                             Clerk of the Court