People v Ward (2019 NY Slip Op 00624)





People v Ward


2019 NY Slip Op 00624


Decided on January 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2015-03826
 (Ind. No. 8027/13)

[*1]The People of the State of New York, respondent,
v
Claude Ward, appellant.


Paul Skip Laisure, New York, NY (Anders Nelson of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Thomas M. Ross, and Jordan Cerruti of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Alan D. Marrus, J.), rendered April 30, 2015, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
On July 27, 2013, the defendant allegedly shot and killed the victim outside a nightclub following a verbal altercation. The defendant was subsequently arrested while at his sister's apartment. After a jury trial, the defendant was convicted of murder in the second degree and criminal possession of a weapon in the second degree.
On appeal, the defendant contends that the Supreme Court should have granted that branch of his omnibus motion which was to suppress his statements to law enforcement officials because the arresting officers violated New York's so-called " knock and announce' statute" (People v Dyla, 142 AD2d 423, 435; see CPL 120.80[4], [5]; 140.15[4]; People v Riddick, 45 NY2d 300, 314, revd on other grounds 445 US 573; People v Barnhill, 34 AD3d 933; People v Clinton, 67 AD2d 626; People v Reiff, 64 AD2d 719). However, that particular contention is unpreserved for appellate review (see CPL 470.05[2]; People v DeCapua, 193 AD2d 1109; People v Jennings, 94 AD2d 802) since, at the suppression hearing, the defendant's argument was that the police officers made a warrantless entry into the apartment without consent (see People v Payton, 45 NY2d 300, 308). In any event, the contention is without merit. The officers had an arrest warrant for the defendant's sister and provided her with "an opportunity to respond to the demand for admittance" (People v Riddick, 45 NY2d at 314; see People v Barnhill, 34 AD3d at 934; cf. People v Frank, 35 NY2d 874).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is unpreserved for appellate review (see CPL 470.05[2]) and, in any event, without merit.
MASTRO, J.P., COHEN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court