■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GREGG MARTIN and VIRGINIA A. MARTIN, Respondents.—Appeal by the People from (1) an order of the County Court, Dutchess County (King, J.), entered September 20, 1989, which granted that branch of the defendant's omnibus motion which was to controvert a search warrant and suppress physical evidence, and (2) so much of an order of the same court, entered October 2, 1989, as, upon granting reargument, adhered to the original determination.

Ordered that the appeal from the order entered September 20, 1989, is dismissed, as that order was superseded by the order entered October 2, 1989, made upon reargument; and it is further,

Ordered that the order entered October 2, 1989, is reversed insofar as appealed from, on the law, the order entered September 20, 1989, is vacated, and that branch of the defendants' omnibus motion which was to controvert a search warrant and suppress physical evidence is denied.

On January 10, 1989, the County Court, Dutchess County (Hillery, J.), issued a search warrant to "Det. Sgt. Carl Draiss of the Dutchess County Drug Task Force Police Department"

to search certain premises in the "Town of Pawling, County of Dutchess". A search of these premises was thereafter conducted and approximately 10 pounds of marihuana was discovered and seized.

Thereafter, the County Court, Dutchess County (King, J.), in reliance on the Court of Appeals decision in *Matter of B. T. Prods. v Barr* (44 NY2d 226) granted that branch of the defendants' omnibus motion which was to controvert the warrant and to suppress the evidence seized, on the ground that "the Dutchess County Drug Task Force, did not come into being", by appropriate legislative action, until after January 10, 1989. We disagree with the County Court's determination on this issue.

There is no dispute that Detective Sergeant Draiss is a "police officer" pursuant to CPL 1.20 (34) (c), since he is a "sworn officer" of the Town of Poughkeepsie Police Department. Although the search warrant issued by the County Court on January 10, 1989, was issued to "Det. Sgt. Carl Draiss of the Dutchess County Drug Task Force Police Department", the affidavit in support of the application for the search warrant indicates that Draiss properly made the application, as the statute provides *(see,* CPL 690.05 [1]), in his role as a police officer of the "Town of Poughkeepsie Police Department". Under these circumstances, "it appears obvious that the issuing Judge contemplated that [the search warrant] would be executed" *(People v Davis,* 93 AD2d 970, 971) by, *inter alia,* a member of the Town of Poughkeepsie Police Department *(see,* CPL 690.05 [2]). Accordingly, the search warrant was valid *(see, People v Davis, supra),* and it was properly executed by Detective Sergeant Draiss in Pawling, New York, which is in Dutchess County *(see,* CPL 690.25).

The holding of the Court of Appeals in *Matter of B. T. Prods. v Barr* (44 NY2d 226, *supra),* relied on by the County Court, does not compel a different result. In *Matter of B. T. Prods. v Barr (supra),* the Court of Appeals merely held that the New York State Organized Crime Task Force, which was a creature of statute *(see,* Executive Law § 70-a), and which consisted of a Deputy and Assistant Attorneys-General, did not have statutory authority, in that case, to obtain a search warrant. During the course of its opinion, the Court of Appeals stated: "this absence of authority may not be overcome by the simple stratagem of using a State Police officer to obtain the warrant on behalf of the Task Force. While a State Police officer qua police officer does indeed have the authority to apply for a search warrant in pursuance of his police

duties, he does not have such power when he is acting solely as an agent of a State agency which does not itself have that authority" *(Matter of B. T. Prods. v Barr, supra,* at 234-235).

In contrast, the Dutchess County Drug Task Force, even if considered only a de facto organization on January 10, 1989, consisted "of police officers from each of the [m]unicipalities" involved, who were under no impediment to apply for, obtain, and execute search warrants in Dutchess County *(see,* CPL 690.05, 690.25).

Accordingly, the order entered October 2, 1989, is reversed, and that branch of the defendants' omnibus motion which was to controvert the warrant and suppress physical evidence is denied. Mangano, P. J., Rubin, Rosenblatt and Miller, JJ., concur.