THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE D. PEARSON, Appellant.

The defendant was indicted by a Grand Jury on seven counts of drug-related crimes for selling cocaine to members of the Dutchess County Drug Task Force. The defendant accepted a plea agreement which permitted him to plead guilty to one count of criminal sale of a controlled substance in the second degree in satisfaction of the entire indictment. In exchange for his guilty plea, the defendant was promised a sentence of six years to life imprisonment.

At sentencing the County Court imposed the agreed-upon term of imprisonment and the defendant subsequently moved to vacate the judgment pursuant to CPL 440.10, on the grounds of "newly-discovered evidence", i.e., that the Dutchess County Drug Task Force was not a legally-authorized organization at the time of its operations against the defendant, and ineffective assistance of counsel. The County Court denied the motion. The defendant has been granted permission to appeal from this order.

The defendant's contention that he was denied the effective assistance of counsel based upon trial counsel's failure to argue that the Dutchess County Drug Task Force was not a legally-authorized organization at the time of its operations against the defendant on April 6, 1989, is without merit. We find that since the Task Force members are police officers from participating municipalities they had the authority to secure a warrant and arrest the defendant based upon his illegal drug activity despite the fact that the agreement authorizing the Task Force was not executed until July 20, 1989 (see, People v Martin, 163 AD2d 536). Having determined that members of the Dutchess County Drug Task Force had the authority to act prior to July 20, 1989, the defendant's allegation that he was denied the effective assistance of counsel based upon his court-appointed attorney's failure to raise that issue must fail. Moreover, we find that the defendant has made no factual showing whatsoever to dispel the inference of effective representation arising from the highly favorable plea agreement his counsel negotiated (see, People v St. John, 163 AD2d 687).

The defendant's term of imprisonment was imposed in accordance with the plea agreement and we find no basis for modifying it on appeal (see, People v Kazespis, 101 AD2d 816).

We have considered the defendant's remaining contentions, including those raised in his supplemental pro se brief, and find them to be without merit. Thompson, J. P., Sullivan, Eiber and Copertino, JJ., concur.